## ADOLPH HILDERBRANDT

### *vs.*

## FREDERICK ROBBECKE

Where a defendant against whom a judgment is taken, afterwards and without delay moved to set aside the judgment, and on the hearing of the motion showed by affidavit that he had exercised all the diligence which could reasonably be required of him to defend the action; that he was misled and deceived by his attorney; that the entry of the judgment against him was a surprise, and that he had no redress against his attorney who is insolvent; presenting also a verified answer containing a meritorious defense, the motion should have been granted.

In this case judgment, by default, was regularly entered against the defendant in the district court for Washington county. Defendant made a motion to set aside the judgment and for leave to answer, which was based upon an answer duly verified by him alleging a good defense, and his affidavit excusing his default, which were served upon the plaintiff's attorney. The affidavit stated, in substance, that the summons in the action was served upon the defendant on the 11th of December, in Afton, Washington county; that within two days thereafter he went to St. Paul and employed an attorney

Hilderbrandt v. Robbecke.

to defend the action, fully stating to him his defense; that at divers times his attorney informed him that everything necessary for his defense had been done, and that the cause would be tried at the June term, 1872; that he attended said June term with his witnesses, and was informed by his attorney that plaintiff had not noticed the cause for trial, and that the same would not be tried until the November term, 1872; that on the 20th day of August, 1872, to his great surprise, plaintiff's attorney informed him of the entry of judgment; that the attorney so employed by him is wholly insolvent and irresponsible, &c. The motion papers were served within a very few days after defendant was advised of the entry of judgment. The court denied the motion, and from the order denying the same defendant appeals to this court.

CORNMAN & LECKY, for Appellant.

WM. M. McCLUER, for Respondent.

*By the Court.*—McMILLAN, J.—The complaint in this action is not very accurately drawn, but upon a motion after judgment, at least, is sufficient. The judgment by default was regularly entered against defendant; if set aside or opened it must be for cause shown by defendant.

The affidavit of the defendant used in the court below upon the motion to open and set aside the judgment and for leave to answer, is wholly uncontradicted. A recital of the facts stated therein is unnecessary here. It suffices to say, we think they show clearly that the defendant exercised all the diligence which could reasonably be required of him to defend the action; that he was misled and deceived by the attorney employed by him; that the entry of the judgment against him was a surprise, and that he has no redress against his

attorney who is insolvent. The defendant's verified answer accompanying and presented with the affidavit sets up a meritorious ground of defense, and the defendant moved without delay for relief from the judgment entered against him. It would be difficult to find a case in which a judgment should be opened or set aside for inadvertence, surprise or excusable neglect, if not in this one. We think the motion should have been granted.

The order appealed from is reversed.