# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MINNESOTA.

---

JAMES H. KEEGAN *vs.* CHRISTIAN PETERSON and others.

## July 27, 1877.

**Appeal from Judgment—Questions Reviewable.**—On an appeal from a judgment, this court can review only such questions as appear upon the judgment roll.

**Same—Order Refusing Leave to Answer.**—An order refusing leave to answer can be reviewed only on appeal from the order itself.

**Same—When Order Reviewable.**—On appeal from a judgment entered upon an order for judgment, notwithstanding a demurrer to the complaint, such order not striking out the demurrer, but leaving it to stand as a pleading in the case, inasmuch as the demurrer and order are prop-. erly part of the judgment roll, this court will review such order.

**Exemption Law — "Marsh Harvester" — "Farming Utensil."**—Whether a "Marsh Harvester," described in the complaint as a " farming utensil," is such utensil within the meaning of the statute regulating exemptions, is a question which must be raised by answer and not by demurrer.

This action was brought against the sheriff of Fillmore county, and his sureties, upon his official bond, for the unlawful seizure and sale, under a writ of execution, of a certain

v.24M—1

machine called a "Marsh Harvester," used by the plaintiff in carrying on his farm. The complaint alleged that the said "Marsh Harvester" was a farming utensil not exceeding $300 in value, and therefore exempt from levy and sale; that the plaintiff had duly claimed the benefit of this exemption, but that the said sheriff had nevertheless sold the said harvester under the said execution. To this complaint the defendants demurred, and the plaintiff thereupon moved at chambers, before *Page*, J., that judgment be rendered in the action, notwithstanding the demurrer, as for want of an answer. On October 7, 1875, this motion was granted, and it was ordered that plaintiff have judgment as for want of an answer. Defendants then moved, on November 9, 1875, at the general term of the district court for Fillmore county, *Page*, J., presiding, for leave to file an answer in the above action, and for the revocation of the order for judgment. The court ordered that this motion be denied, and judgment having been subsequently entered for the plaintiff the defendants appealed from the said judgment.

*H. R. Wells*, for appellants.

The demurrer in this case involves the construction of that clause of the statute of exemptions which reads as follows: "Also one wagon, cart or dray, one sleigh, two plows, one drag, and other farming utensils, including tackle for teams, not exceeding $300 in value." Gen. St. *c.* 66, § 279, subd. 6.

A "Marsh Harvester" is a well known machine, and is clearly not a "farming utensil" within the meaning of the statute quoted above. It did not exist at the time the law was enacted, nor does it come within the scope of its provisions. The machine is complicated in its character, of very considerable value, and chiefly used for hire. For these reasons the court instructed the jury in *Ford* v. *Johnson*, 34 Barb. 364, that a threshing machine was not within the terms of a statute which exempted "working tools." A like conclusion was reached by the court in *Meyer* v. *Meyer*, 23 Iowa, 360; and under the same principle of construction a piano

was held not to be exempt as "household furniture," (*Tanner* v. *Billings*, 18 Wis. 163,) or a watch free from execution as "wearing apparel," (*Rothschild* v. *Boelter*, 18 Minn. 361,) under the statutes of exemptions considered by the courts in those cases.

*Murray & Bassett*, for respondent.

GILFILLAN, C. J. The defendants demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. Plaintiff moved for judgment, notwithstanding the demurrer, as for want of an answer. This motion was granted, and defendants then moved for leave to answer and this motion was denied. Judgment was entered for plaintiff, and from that the defendants appeal and seek to review those orders. Objection is made that the orders cannot be reviewed on appeal from the judgment, but only on appeals from the orders themselves.

As to the order refusing leave to answer, the objection is well taken. That order did not involve, to any extent, the merits, as presented by the pleadings, nor in any way affect the judgment, and it is only such orders which properly have a place in the judgment roll. Gen. St. *c.* 66, § 252. On appeal from a judgment this court can review only such questions as are presented by the judgment roll. Gen. St. *c.* 86, §§ 4, 6.

The objection as to the order for judgment is based on the assumption that it is an order striking out the demurrer. But the order leaves the demurrer to stand as a pleading, and the order and demurrer are properly a part of the judgment roll. The question presented by the complaint and demurrer is, therefore, before us for review.

The complaint is for the taking and converting, under an execution against plaintiff, in the hands of the defendant, Christian Peterson, of an article called a "Marsh Harvester," which is in the complaint described as a "farming utensil." Facts are alleged showing it to have been exempt from levy if it is a farming utensil, and the complaint claims that the taking and conversion were wrongful because of the exemption.

The only question attempted to be raised in support of the demurrer is that a "Marsh Harvester" is not a utensil within the meaning of the phrase, "other farming utensils," used in the statute regulating exemptions. That article is not one of so general and universal use that we can take notice of its character. What its character in that respect is must be a question of fact. The complaint alleges as a fact that it is such utensil, and the only way the defendants could raise the question was by taking issue by answer upon that allegation.

The motion for judgment, notwithstanding the demurrer, was properly granted. Judgment affirmed.