DOUD, SONS & CO. *vs.* DULUTH MILLING CO.

Argued Oct. 11, 1893.   Decided Oct. 16, 1893.

No. 8383.

**Anticipated Profits Cannot be Recovered as Damages.**

The complaint in this action contained an allegation that defendant had violated the terms of a contract between them, and that by reason thereof plaintiff was entitled to recover damages for anticipated profits. *Held*, that the terms of such contract did not authorize the recovery of such damages. *Held*, also, that the allegation upon this point in the plaintiff's complaint was immaterial, and that the judgment of the court below for the amount inserted in its judgment as damages for anticipated profits was unauthorized and void.

**A Failure to Answer Admits only Facts Properly Pleaded.**

*Held*, further, that defendant's omission to answer or appear was only an admission of the facts properly pleaded.

**Complaint Construed.**

The complaint contained one good cause of action,—$1,157.38. Judgment modified.

Appeal by defendant, the Duluth Milling Company, a corporation, from a judgment of the District Court of St. Louis County, *J. D. Ensign*, J., entered December 15, 1892, against it for $7,062.18.

The plaintiff, Doud, Sons & Co., a corporation, on May 2, 1891, entered into a contract with defendant to build cooper shops and make barrels therein for it for one year from January 1, 1892. Defendant then contemplated constructing a large flouring mill on Lot 4, Sec. 10, T. 48, R. 15, on the Wisconsin side of the St. Louis River and the cooper shops were to be built there. The plaintiff ex-

pended $1,157.38 in laying foundations and doing work upon the shops. The defendant then abandoned the enterprise and stopped the work. This action was brought to recover the money so expended and also damages for breach of the contract. The complaint stated that the capacity of the mill was to be 3,000 barrels of flour per day; that defendant would have required at least 344,400 barrels during the year and that plaintiff was to make and furnish all the barrels used; that it would have realized a net profit of two cents on each barrel and at least $6,888 during the year. The plaintiff demanded judgment for the money it had expended and also for these anticipated profits. A copy of the contract was attached to the complaint but it contained no statement as to the capacity of the mill or as to the number of barrels it would take of the plaintiff. The defendant did not answer. The plaintiff made proof of the service of the summons and of defendant's default and submitted its evidence to the court and obtained findings of fact and a direction for the entry of judgment against defendant for the full amount claimed in its complaint. The clerk entered judgment accordingly. The defendant on June 15, 1892, appeared and filed bond for costs and served notice of appeal to this court.

*McKusick & Grannis,* for appellant.

An appeal lies from a judgment entered upon the default of the defendant. As to the right of appeal, there is no distinction between a default judgment and one rendered after issue joined and trial had. *Reynolds* v. *La Crosse & Minn. P. Co.,* 10 Minn. 178; *Hallock* v. *Jaudin,* 34 Cal. 167.

The default of the defendant in not answering the complaint was only a confession of the averments properly pleaded; it was an admission only of the material allegations of the complaint. *Unfried* v. *Heberer,* 63 Ind. 67; *Compton* v. *Pruitt,* 88 Ind. 171; *Cook* v. *Skelton,* 20 Ill. 107; *Bates* v. *Loomis,* 5 Wend. 134; *Welch* v. *Wadsworth,* 30 Conn. 149; *Burlington & M. R. R. Co.* v. *Shaw,* 5 Iowa, 463. The admission is limited to a confession of the facts properly alleged and cannot be extended by intendment or inference. *Chicago & N. W. Ry. Co.* v. *Coss,* 73 Ill. 394; *Hollis* v. *Richardson,* 13 Gray, 392; *Board of Supervisors* v. *Smith,* 95 Ill. 328; *Thighen* v. *Mundine,* 24 Tex. 282; *Abbe* v. *Marr,* 14 Cal. 210.

Anticipated profits are not an element of damages on breach of contract. *Hadley* v. *Baxendale*, 9 Exch. 341; *Mississippi & R. R. Boom Co.* v. *Prince*, 34 Minn. 71; *Beaupre* v. *Pacific & Atl. Tel. Co.*, 21 Minn. 155; *Paine* v. *Sherwood*, 21 Minn. 225; *Frohreich* v. *Gammon*, 28 Minn. 476; *Simmer* v. *City of St. Paul*, 23 Minn. 408; *Griffin* v. *Colver*, 16 N. Y. 489; *Howe Machine Co.* v. *Bryson*, 44 Iowa, 159; *Petrie* v. *Lane*, 67 Mich. 454; *Howe Machine Co.* v. *Bronson*, 44 Iowa, 159; *Howard* v. *Stillwell, etc., Manuf'g Co.*, 139 U. S. 199; *Pennypacker* v. *Jones*, 106 Pa. St. 237; *McKinnon* v. *McEwan*, 48 Mich. 106.

*John A. Keyes,* for respondent.

Where the objection that the complaint is insufficient is first made on appeal, a liberal construction will be placed upon the allegations. Any facts reasonably inferable from those pleaded, will be held to have been alleged. *McArdle* v. *McArdle*, 12 Minn. 98; *Smith* v. *Dennett*, 15 Minn. 81; *Holmes* v. *Campbell*, 12 Minn. 221; *Drake* v. *Barton*, 18 Minn. 462; *Solomon* v. *Vinson*, 31 Minn. 205; *Frankoviz* v. *Smith*, 34 Minn. 403; *Trebby* v. *Simmons*, 38 Minn. 508.

The damages recovered resulted directly from the breach of the contract and the profits to accrue from its performance were considered in the contract, and were the only inducement and consideration for its being entered into. The profits were the very things that were stipulated for, otherwise the plaintiff would not have expended its money. Had the defendant expected to pay no profits to plaintiff it would not have required plaintiff to agree to keep it supplied with barrels. *Morrison* v. *Lovejoy*, 6 Minn. 319; *Lovejoy* v. *Morrison*, 10 Minn. 136; *Goebel* v. *Hough*, 26 Minn. 252; *Mississippi & R. R. Boom Co.* v. *Prince*, 34 Minn. 71; *Ennis* v. *Buckeye Pub. Co.*, 44 Minn. 105; *Beyerstedt* v. *Winona Mill Co.*, 49 Minn. 1; *Fairchild* v. *Rogers*, 32 Minn. 269; *O'Connell* v. *Hotel Co.*, 90 Cal. 515; *Treat* v. *Hiles*, 81 Wis. 280; *Corbett* v. *Anderson*, 85 Wis. 218; *Brown* v. *Hadley*, 43 Kan. 267.

BUCK, J.    This action was brought in the district court of St. Louis county to recover damages for alleged breach of a contract entered into between the parties May 2, 1891.

One of the alleged causes of action is for money expended and labor performed pursuant to the terms of a written contract, which is made a part of the complaint. It is conceded by the counsel for the appellant that this court cannot disturb the judgment of the court below, to the amount of $1,157.38, rendered for such money expended and labor performed by plaintiff for the defendant by virtue of the terms of their contract. But the plaintiff seeks to recover as damages a large sum, in the nature of anticipated profits, for nonperformance by the defendant of the terms of said contract, and did so recover in the court below; the total judgment there rendered upon both of the alleged causes of action being the sum of damages, $7,045.38, and costs taxed $16.80; total judgment, $7,-062.18,—of which amount, $1,157.38 was for money expended and labor performed. The controversy is over the damages claimed for anticipated profits. The court below allowed this claim, and the amount so allowed forms a part of the judgment above described.

The appellant insists that this was error, upon the ground that such damages were too remote, speculative, and uncertain, and did not constitute the basis of a legal claim, and that, by the very terms of the contract, no such damages were contemplated by the parties at the time of its execution. In this view of the case, we agree with the appellant. It did not answer or appear in the court below, and contest the allegations of the complaint, nor was it bound to do so. It had a right to rely upon the protection of the court below, to the extent that such court would not render a judgment against defendant upon insufficient averments or immaterial allegations in the complaint. The law does not permit immaterial allegations in a complaint to be used as a basis for rendering a judgment against the defendant. The allegation of material facts, or the omission of them, in a complaint, constitutes a guide for the defendant, in determining whether he will answer, appear, or suffer default.

If there is no answer or appearance, then there are no issues to be tried, and the court simply hears the evidence upon the proper allegations in the complaint, where application is necessary, as in this case. But the defendant makes no admission, by suffering default, as against insufficient allegations in the plaintiff's complaint. It is the duty of the court hearing the evidence, in such cases of default, to receive only such testimony as conforms to the material

allegations of the complaint. In this respect the court below erred. We do not think that we need to enter into an extended discussion of the question of remote or speculative damages, or those based upon anticipated profit, for the contract between the parties clearly shows that no such damages were contemplated by the parties at the time of its execution.

As the contract was made a part of the complaint, its terms would control any inconsistent allegations inserted in the complaint by the plaintiff; and it appears from the express terms in the contract that defendant only agreed to take such amount of barrels manufactured by plaintiff as defendant needed for its use in its flour mill. The capacity of the flour mill is not stated or agreed upon by the terms of the contract. In the absence of any such agreement, the defendant had the right to judge of the number of barrels it needed for its use, and not the plaintiff. That the defendant did not receive or pay for any barrels under the terms of the contract is conceded, but, that plaintiff did not realize any anticipated profits thereby, does not constitute a right on the part of this plaintiff to recover damages of the defendant. By reason of the error of the court below in this respect, the judgment of the district court must be modified, and allowed to stand only for the sum of $1,157.38, and the taxed costs of that court.

This case is remanded to the court below, and said court is directed to modify said judgment in accordance with the views herein expressed.

Note. Appellant's costs in this court having been taxed, it was on November 9, 1893, ordered, on the respondent's motion, that appellant's judgment for costs be set off against an equal amount of the respondent's recovery of damages.

(Opinion published 56 N. W. Rep. 463.)