[1] Reported in 6 N.W.2d 245.
Action to register title to land acquired by Knute and Sophie Bonley by virtue of foreclosure of a tax lien. A.P. and Dorothea Rickmire, the original title owners, were made defendants in the action. They interposed a joint answer, which was stricken by the court for failure to comply with Minn. St. 1941, § 284.10 (Mason St. 1940 Supp. § 2190-4). The court made findings as though there were a default, and judgment was entered accordingly. Motion for amended findings or a new trial was denied. Thereafter, defendants moved "for a definite order allowing the defendants to deposit the amount in controversy, of [on] payment by plaintiffs, as claimed, $160 and extra incidentals in court, and have the order of default revoked, the answer as on file reinstated and a trial of the issues ordered as though no default order had been made." This motion was denied on April 29, 1942. Defendants appeal from both orders.
As grounds for the motion for a new trial, defendants list eight separate alleged errors by the court in rejecting certain testimony they claim to have offered at the trial. How testimony could be offered by one not even a party to the action is beyond the comprehension of this court. Nevertheless, in the absence of a case or bill of exceptions, there is nothing for this court to review. The rule is well settled that, "in order to secure a review on appeal of a ruling of the trial court in admitting or excluding evidence it *Page 216 
is indispensable in all cases that there should be a bill of exceptions or case containing the evidence erroneously admitted or excluded, the objection of counsel, the ruling of the Court upon the objection, and so much of the other evidence in the case as may be necessary to enable the supreme court to review intelligently the action of the trial court." 1 Dunnell, Dig. Supp. § 346, and cases under note 13.
The order of April 29, 1942, is in effect an order made after the entry of judgment denying defendants the right to relief from a default and to interpose an answer. It is therefore appealable. Philadelphia S. B. Co. v. Hawley, 154 Minn. 538,191 N.W. 815. But the matter of opening a default lies almost wholly in the discretion of the trial court, and its action will not be reversed on appeal except for a clear abuse of discretion. 3 Dunnell, Dig. Supp. § 5035, and cases under note 63. Here, the motion is based "on the affidavit attached herein and of [on] all the records and files in the above entitled matter." The reason given in the affidavit for asking for relief from the default is "that he [defendant A.P. Rickmire] knew nothing of the said section, being Section 2190, subsection 4 [§ 2190-4], Mason's Statutes, until it was taken advantage of by plaintiffs' attorney with apparent intention to forestall any evidence pertaining to the truth as to possession."
That ignorance of the law, especially on the part of a lawyer, is no excuse has long been the rule of this court. We therefore hold that there was no abuse of discretion on the part of the trial court in denying the motion.
To save both time and expense of the parties and this court, we will render our opinion on the question of the noncompliance by defendants with Minn. St. 1941, § 284.10 (Mason St. 1940 Supp. § 2190-4). The section provides:
"In any action respecting lands claimed to have been forfeited to the state for taxes, no cause of action or defense asserted by any party adversely to the state, or its successor in interest, based in whole or in part upon any ground other than the claim that the land was tax exempt or that the taxes have been paid, *Page 217 
shall be entertained unless the party asserting the same shall, at the time of filing his complaint or answer, as the case may be, deposit with the clerk of the court in which the action is pending, for the use of the state and its successor in interest, if any, as their interests may appear, a sum equal to the amount of the taxes and special assessments, with interest, penalties, and costs thereon, accrued against the land at the time of forfeiture, together with interest at the rate of four per cent per annum on such sum from the date of forfeiture to the date of filing the complaint or answer."
The instant case is such an action. Defendants admit that they have not complied with this statute, the provisions of which are mandatory. Consequently the trial court could not by an order relieve them from their dereliction.
Affirmed.