KOTTKES' BUS COMPANY, INC. v.
JAMES C. HIPPIE.
S. C. OSBORN, GARNISHEE.

176 N. W. (2d) 752.

February 20, 1970—No. 41844.

*Fred Albert,* for appellant.

*Allen, Courtney & Salland* and *Vincent P. Courtney,* for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Frank T. Gallagher, JJ.

PER CURIAM.

This matter has been argued on the merits, reserving for disposition a prior motion by plaintiff to dismiss the appeal.

The issue is whether an order is appealable which denies a motion for leave to file a garnishment disclosure and refuses to vacate a judgment against a garnishee, where the garnishee has appeared by counsel.

The garnishee, S. C. Osborn, was personally served on April 20, 1968. His attorney wrote letters to counsel for plaintiff on February 19 and May 1, 1968, informally advising plaintiff of the status of the contract for deed which was the subject of the garnishment. On October 4, 1968, plaintiff's counsel requested the attorney for the garnishee to secure a formal garnishment disclosure. Although he received another communication from counsel for the garnishee, plaintiff's counsel at no time received a disclosure from the garnishee himself as required by Minn. St. 571.49, subd. 1. On December 6, 1968, plaintiff made a formal motion to enter judgment against the garnishee in the sum of $1,651.56. Notice of that motion was directed to the garnishee and his attorney and elicited from the garnishee's attorney an affidavit which he stated was in opposition to the motion for the entry of judgment. On December

17, the trial court ordered judgment in the amount prayed for, and judgment was entered accordingly on January 2, 1969. Thereupon, the garnishee secured an order to show cause and served notice of motion for an order giving him leave to file a disclosure and vacating the order for judgment against him. The court on January 29, 1969, denied the garnishee's motion, and this appeal is from that order.

The garnishee argues that the order appealed from is one denying him relief from a default judgment and, as such, is appealable. Barrie v. Northern Assurance Co. 99 Minn. 272, 109 N. W. 248; In re Application of Bonley, 213 Minn. 214, 6 N. W. (2d) 245. The fallacy of this position is the fact that judgment was not entered by default but, on the contrary, was pursuant to notice and a hearing in which the garnishee made a general appearance and was heard.

The general rule is that orders refusing to vacate authorized judgments are not appealable. Gasser v. Spalding, 164 Minn. 443, 205 N. W. 374; Matchan v. Phoenix Land Investment Co. 165 Minn. 479, 205 N. W. 637; Weckerling v. McNiven Land Co. 231 Minn. 167, 171, 42 N. W. (2d) 701, 703; LaFond v. Sczepanski, 273 Minn. 293, 141 N. W. (2d) 485. The reason for the rule is well articulated in Note, 51 Minn. L. Rev. 115, 129:

"The need for an adequate appeal also seems to demand that in two instances an order refusing to vacate should be appealable even if the judgment is only attacked as erroneous. A default judgment entered against a party who has made no appearance in the action may escape the attention of that party until the time for appeal has expired. Since it is made *ex parte,* probably no appeal can be taken directly from such a default judgment. Thus, only by allowing an appeal from an order ruling on a motion to vacate or modify that judgment will the party adversely affected be given any right to appellate review. On the other hand, a judgment by default entered against a defendant who has appeared in the action does not present the same problems. He has actual notice of the proceeding against him. Since it is not *ex parte,* an appeal is available directly from the judgment. In such case the appeal from an order refusing to vacate serves no useful purpose."

The garnishee cites as controlling Carlson v. Stafford, 166 Minn. 481, 208 N. W. 413. There, the garnishee appealed from an order denying a motion to vacate a judgment against him and for leave to make further disclosure. Although we held the order to be appealable, we noted that the question of appealability had not been raised and that ordinarily such orders are not appealable. In that case, however, the garnishee had not been represented by counsel in making disclosure, and we held that to restrict the appeal to one from a judgment did not permit the

garnishee to develop facts through his attorney which would have prevented the entry of judgment. In the instant case, the garnishee was represented by counsel from the inception of the proceedings and had ample opportunity to file a complete disclosure with the assistance of counsel between the time he was served on April 20, 1968, and the date the motion for the entry of judgment was heard on December 16, 1968. For these reasons, we are of the opinion that the Carlson case is distinguishable, and accordingly we hold that the order of January 29, 1969, is not appealable.

The appeal is therefore dismissed.

### UPON REARGUMENT

On May 15, 1970, the following order was filed:

Upon rehearing en banc the court adheres to its opinion filed February 20, 1970.

BY THE COURT
OSCAR R. KNUTSON
Chief Justice