**388**

Warren C. THOMPSON, petitioner,
Appellant,

v.

SPRING LAKE TOWNSHIP, Defendant,

County of Scott, Respondent.

No. 46809.

Supreme Court of Minnesota.

Aug. 19, 1977.

John L. Prueter, Minneapolis, for appellant.

Dennis Patrick Moriarty, County Atty., Stephen W. Walburg, Asst. County Atty., Shakopee, for respondent.

PER CURIAM.

Petitioner Warren C. Thompson appeals from an order of the Scott County District Court granting respondent Scott County's motion to vacate a default judgment entered against it.

In May 1974, Thompson petitioned the Scott County Board of Commissioners to rezone a 40-acre tract located in Spring Lake Township from agricultural to residential use. The request was denied by the county board on July 2, 1974, after its full hearing and a consideration of the Town Board of Spring Lake Township's recommendation of denial.

Thereafter, on January 3, 1975, petitioner obtained an alternative writ of mandamus, claiming that the actions of the board in denying the rezoning petition were inconsistent with its simultaneous assessment of the property as residential and that resultant was a taking of petitioner's property without just and adequate compensation.

The record indicates that upon the motion of respondent Spring Lake Township, it was dismissed from the action on March 7, 1975. Approximately 1 year later, on February 25, 1976, petitioner moved the district court for a default judgment against the remaining defendant, respondent Scott County. A peremptory writ of mandamus was issued

on March 2, 1976, directing Scott County to rezone the property.

On March 10, 1976, respondent Scott County served its notice of motion and motion to vacate the default judgment and to allow it to serve and file an answer to the petition for a writ of mandamus. In support thereof, the county noted that personnel changes within the county attorney's office had led to the delay and the failure to file an answer to the petition. In addition, it submitted a proposed answer which contained general denials of the allegations as set forth in the petition for the writ.

By order dated March 29, 1976, the district court granted the motion to vacate, noting in its memorandum that it was satisfied that respondent had a reasonable excuse for its failure to answer, that it responded with due diligence after notice of entry of judgment, that no substantial prejudice would result to petitioner and, finally, that the record as a whole fairly demonstrated a viable defense on the merits.

Petitioner contends on appeal that respondent's failure to make any showing of a reasonable defense on the merits requires the conclusion that the trial court clearly abused its discretion in granting the motion to vacate. *Vrooman Floor Covering, Inc. v. Dorsey*, 267 Minn. 318, 126 N.W.2d 377 (1964).

This court has enumerated the factors which must be established prior to the granting of a motion to vacate a default judgment in *Hinz v. Northland Milk & Ice Cream Co.*, 237 Minn. 28, 53 N.W.2d 454 (1952). The moving party must show that (1) it has a reasonable excuse for its failure or neglect to answer; (2) that it has acted with due diligence after notice of entry of judgment; (3) that no substantial prejudice will result to the other party; and (4) that it is possessed of a reasonable defense on the merits.

Although the district court was convinced, apparently based upon its repeated and continued involvement in the matter, that a meritorious defense on the merits does exist, respondent's failure to set forth

with particularity the nature of the defense is determinative. We therefore are compelled to remand the entire matter to the district court to allow its consideration of this defense in relation to the merits of the petition for the writ of mandamus. In addition, the court must evaluate petitioner's assertions that the particular tract of land has been classified inconsistently as residential for purposes of assessment and as agricultural for zoning purposes.

Reversed and remanded with instructions.