**Myles SPICER, Respondent,**

v.

**CAREFREE VACATIONS, INC., Petitioner, Appellant.**

No. C7–84–1543.

Supreme Court of Minnesota.

July 19, 1985.

G. Alan Cunningham, Scott Johnson, Minneapolis, for appellant.

Richard G. Spicer, Minneapolis, for respondent.

KELLEY, Justice.

The issue in this case is whether a trial court's order refusing to vacate a default

judgment is appealable. The court of appeals ruled it was not. We reverse.

Respondent commenced the underlying breach of contract action by serving a complaint on Carefree Vacations, Inc. at its corporate offices in the State of Illinois. When Carefree failed to answer or to otherwise respond to the complaint within the 20 days required by Minn.R.Civ.P. 12.01, Spicer moved for, and was granted, an order for default judgment. Judgment was thereafter duly entered.

Respondent then commenced garnishment proceedings to collect the judgment. Counsel for Carefree, upon learning of this activity, secured respondent's attorney's consent to a delay of post-judgment proceedings until a motion to vacate the default judgment could be decided. The trial court ultimately entered an order denying the motion. Carefree appealed the denial order to the court of appeals pursuant to Minn.R.Civ.App.P. 103.03(e). The court of appeals dismissed the appeal as taken from a nonappealable order.[1]

After noting that appeals from orders refusing to vacate default judgments have occasionally been allowed without a discussion of appealability of such orders, the court of appeals relied on an apparent distinction between default judgments entered against a party who has actual notice of the suit before the time to appeal the judgment has expired and those against a party who has no knowledge of the suit until the time to appeal has expired. Moreover, that court stated that "[O]rders refusing to vacate authorized judgments are not appealable." Finally, the appellate court concluded Minn.R.Civ.App.P. 103.03(e) did not confer appellate jurisdiction "since there [was] a judgment from which appeal could have been taken * * *."

For more than 100 years this court has entertained appellate jurisdiction on appeals taken from district court orders denying motions to vacate default judgments.

The most recent appeal is *Hearne v. Waddell*, 341 N.W.2d 876 (Minn.1984). *See also Thayer v. American Financial Advisers, Inc.*, 322 N.W.2d 599 (Minn.1982); *Taylor v. Steinke*, 295 Minn. 244, 203 N.W.2d 859 (1973); *Finden v. Klaas*, 268 Minn. 268, 128 N.W.2d 748 (1964); *Sommers v. Thomas*, 251 Minn. 461, 88 N.W.2d 191 (1958); *In re Application of Bonley*, 213 Minn. 214, 6 N.W.2d 245 (1942); *Barrie v. Northern Assurance Co.*, 99 Minn. 272, 109 N.W. 248 (1906); *Hildebrandt v. Robbecke*, 20 Minn. 100 (Gil. 83) (1873). While it is correct to state that this court in some cases has not specifically discussed the appealability of orders refusing to vacate default judgment, and has limited its discussion to the trial court's application of the elements required for vacation of a default judgment,[2] in *In re Application of Bonley, supra*, we expressly held that such orders are appealable:

> The order of April 29, 1942, is in effect an order made after the entry of judgment denying defendants the right to relief from a default and to interpose an answer. It is therefore appealable.

*In re Application of Bonley*, 213 Minn. 214 at 216, 6 N.W.2d 245 at 246 (1942). By entertaining appellate jurisdiction in similar cases, even though the appealability issue was not expressly discussed in some cases, we have consistently held that orders denying vacation of default judgments are appealable orders.

 The appealability of an order refusing to vacate a default judgment does not depend on whether a defendant had actual knowledge of the suit before the time to appeal from the judgment has expired. The critical factor is whether defendant participated in the original action so that an appeal from the judgment would also raise the propriety of its vacation. *See, Kottkes' Bus Company v. Hippie*, 286 Minn. 526, 527, 176 N.W.2d 752, 753 (1970). Note, *Appealable Orders, Prohibition*,

---

1. The court of appeals also denied Carefree's petition for discretionary review under Minn.R.Civ.App.P. 105.01. Carefree does not here contest the denial of that petition.

2. *E.g., Hearne*, 341 N.W.2d at 876.

*and Mandamus in Minnesota,* 51 Minn.L. Rev. 115, 129–30 (1966); 3 J. Hetland & O. Adamson, *Minnesota Practice,* 278 (1970).

Unless an order denying vacation of a default judgment is appealable, a party who claims entitlement to vacation can never have the merits of the issue reviewed at the appellate level. An appeal from a procedurally correct default judgment, as Carefree admits occurred here, would be nothing more than a futile gesture. For example, if Carefree had appealed this default judgment, it would not have been able to obtain appellate review of the propriety of the trial court's refusal to vacate. Since Carefree made no appearance prior to the entry of the default judgment, no evidence existed in the record with respect to the merits of its claim that the default should be vacated. Without this crucial evidence, the appellate court would have nothing to review with respect to the vacation since the district court record is conclusive on appeal. *See, e.g., Turner v. Alpha Phi Sorority House,* 276 N.W.2d 63 (Minn. 1979). Although trial courts have broad discretion in denying orders to vacate default judgments, that discretion is not unlimited. Yet to deny appealability of orders denying vacation of defaults would result in investing such unlimited discretion in the trial courts.

Finally, we hold that the order at issue herein is appealable under Minn.Civ. R.App.P. 103.03(e). That rule provides an appeal may be taken "from an order which, in effect, determines the action and prevents a judgment from which an appeal might be taken." The order denying vacation of the default judgment was such an order because it prevented the rendition of a judgment on the merits, the only judgment from which an appeal might properly be taken once a procedurally correct default has been entered.

For the reasons stated above, we reverse the court of appeals and remand to it this case for reinstatement of the appeal for consideration of the propriety of the trial court's order denying vacation under *Hearne, supra.*[3]

---

**3.** By remanding for reinstatement of the appeal, we express no opinion one way or the other as