Robert J. FINK, et al., Respondents,

v.

Thomas Clifford SHUTT, et al., Defendants,

Shelter Shield of Kansas, Inc., Appellant.

No. C4-89-1454.

Court of Appeals of Minnesota.

Sept. 26, 1989.

Andrew Mitchell, Larkin, Hoffman, Daly & Lindgren, Bloomington, for appellant.

Steven Hedges, Abdo & Abdo, Minneapolis, for respondents.

Considered at Special Term and decided by WOZNIAK, C.J., and NORTON and GARDEBRING, JJ., without oral argument.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

Appellant Shelter Shield allegedly failed to fulfill its obligations under a settlement

agreement, and judgment was entered in 1987 pursuant to a confession of judgment. Shelter Shield did not participate in the proceedings leading to entry of judgment. More than two years later, Shelter Shield sought relief from the judgment under Minn.R.Civ.P. 60.02. The trial court ruled that failure to seek relief within one year of the judgment barred the motion. Shelter Shield appealed from that order. Respondents move to dismiss, claiming the order is not appealable.

## DECISION

As a general rule, orders denying motions to vacate final judgments are not appealable. *Angelos v. Angelos,* 367 N.W.2d 518, 519 (Minn.1985). The proper appeal is from the judgment itself. However, the supreme court has held that "the critical factor" which makes the denial of some motions to vacate appealable, "is whether defendant participated in the original action so that an appeal from the judgment would also raise the propriety of its vacation." *Spicer v. Carefree Vacations, Inc.,* 370 N.W.2d 424, 425 (Minn.1985) (citations omitted). If the defendant did *not* participate in the proceeding, an appeal from the default judgment would generally present no issue for appellate review.

Shelter Shield did not participate in the proceedings leading to entry of judgment in this case. The fact that Shelter Shield had notice and *could* have participated before judgment was entered is irrelevant. *Id.* ("The appealability of an order refusing to vacate a default judgment does not depend on whether a defendant had actual knowledge of the suit before the time to appeal from the judgment has expired.") The order denying relief from the judgment is appealable under Minn.R.Civ. App.P. 103.03(e). *Id.* at 426.

Motion to dismiss denied.