**THORP LOAN AND THRIFT COMPANY, Respondent,**

v.

**Jeffry MORSE, et al., Defendants,**

**Roger Dale Anderson, Appellant.**

**No. C9–89–1675.**

Court of Appeals of Minnesota.

Feb. 20, 1990.

Review Denied April 13, 1990.

Daniel W. Stauner, Stein & Moore, P.A., St. Paul, Edward C. Anderson & Associates, Minneapolis, for respondent.

Roger Dale Anderson, Lake Crystal, pro se.

Considered and decided by LANSING, P.J., and HUSPENI and KALITOWSKI, JJ.

## OPINION

LANSING, Judge.

## FACTS

Roger Anderson appeals pro se from Thorp Loan's default judgment against him. In its complaint Thorp alleged that Anderson committed continuing trespass on Thorp's property and denied Thorp rightful entry onto the property. In its request for relief Thorp demanded actual damages of $1,566.58 and "such other sums as are determined through discovery and accounting." Thorp additionally requested treble damages under Minn.Stat. § 557.08 (1988) and injunctive relief.

Anderson's attempt to answer the complaint was unsuccessful. His submitted answer was never officially filed with the trial court. Anderson was notified by the trial court administrator on April 21, 1989 that his answer was rejected because he had not paid the proper filing fee and had not provided the court with an affidavit of service upon Thorp. Anderson did not remedy the problem.

On August 8, 1989, after receiving an affidavit of no answer from Thorp, the trial court ordered judgment against Anderson by default. The court awarded Thorp injunctive relief, $4,230 in actual damages, and treble damages under Minn.Stat. § 557.09 (1988). Rather than moving to vacate the default judgment, Anderson seeks relief through appeal. On appeal Anderson claims a leasehold interest in the property deriving from previous owners.

## ISSUES

1. Are appellant's claims of trial court's factual and procedural errors reviewable on an appeal from a default judgment?

2. Is appellant in a default judgment entitled to relief from extra-pleading damages when appellant failed to raise this issue in the trial court?

## ANALYSIS

### I.

At the outset, we note that appellate review is limited to the record. *Grinolds v. Independent School District No. 597*, 346 N.W.2d 123, 128 (Minn.1984). Evidence not produced and received below may not be considered by an appellate court. Anderson has filed with this court several documents which were not presented at the trial court level. These documents will not be considered on appeal.

It is a well-settled principle of law that a party is not entitled to raise a ques-

tion for the first time on appeal. *Duenow v. Lindeman,* 223 Minn. 505, 510, 27 N.W.2d 421, 425 (1947); *In re Estate of Magnus,* 436 N.W.2d 821, 823 (Minn.Ct. App.1989). Based on this premise, our supreme court has ruled that on appeal from a default judgment, a party in default may not deny facts alleged in the complaint when such facts were not put into issue below. *Doud, Sons & Co. v. Duluth Milling Co.,* 55 Minn. 53, 56, 56 N.W. 463, 463–464 (1893); Cf. *Keegan v. Peterson,* 24 Minn. 1, 3–4 (1877). By the same token, a party in default may not *assert* facts on appeal which were not asserted below. Finally, a party in default may not raise procedural irregularities on appeal which were not raised below, provided that adequate and expeditious relief is available by motion in the trial court. *Whipple v. Mahler,* 215 Minn. 578, 581–582, 10 N.W.2d 771, 774 (1943).

■ In this litigation Anderson ignores these appellate rules. On appeal, he denies for the first time the amount of actual damages claimed in Thorp's complaint. He asserts for the first time a contractual right to occupy Thorp's property. He argues for the first time that the trial court committed procedural error by rejecting his answer. Because Anderson did not raise these questions at the trial level, he may not raise them on appeal. When an appellant acts as attorney pro se, appellate courts are disposed to disregard defects in the brief, but that does not relieve appellants of the necessity of providing an adequate record and preserving it in a way that will permit review. *Noltimier v. Noltimier,* 280 Minn. 28, 29, 157 N.W.2d 530, 531 (1968).

■ Instead of directly appealing the default judgment, Anderson should have brought a motion in the trial court to vacate the judgment. In support of this motion, he would be able to submit a proposed answer fortified by affidavits. *Hinz v. Northland Milk & Ice Cream Co.,* 237 Minn. 28, 30, 53 N.W.2d 454, 456 (1952). Then the trial court, in its discretion, could vacate the judgment, provided that Anderson (1) had a reasonable excuse for

failure or neglect to answer, (2) acted with due diligence after notice of entry of judgment, (3) demonstrated no substantial prejudice resulted to Thorp, and (4) possessed a reasonable defense on the merits. *See Thompson v. Spring Lake Township,* 257 N.W.2d 388, 389 (Minn.1977). An order denying a motion to vacate a default judgment is appealable. *Spicer v. Carefree Vacations, Inc.,* 370 N.W.2d 424, 425 (Minn.1985).

This alternative and appropriate route to appellate review would preserve the issues which Anderson unsuccessfully raised on appeal. See 3 D. McFarland & W. Keppel, *Minnesota Civil Practice* § 1666 (1979) (to avoid dismissal of an appeal improperly brought, practitioners should always seek relief from default judgments at trial court level first).

## II.

■ Notwithstanding our analysis of the first issue, there are a limited number of issues which may be raised for the first time on appeal from a default judgment. For example, a defendant in default may argue for the first time on appeal that the plaintiff's complaint did not state a cause of action or that the relief granted was not justified by the complaint. *Union Central Life Insurance Co. v. Page,* 190 Minn. 360, 363–364, 251 N.W. 911, 913 (1933); *Halvorsen v. Orinoco Mining Co.,* 89 Minn. 470, 472, 95 N.W. 320, 321 (1903); *Northern Trust Co. v. Albert Lea College,* 68 Minn. 112, 113, 71 N.W. 9, 9–10 (1897).

■ In this case, the trial court granted money damages to Thorp in excess of that which was specifically requested in the complaint, contrary to Rule 54.03 of the Minnesota Rules of Civil Procedure. In a default judgment the relief awarded to the plaintiff must be limited in kind and degree to what is specifically demanded in the complaint even if the proof would justify greater relief. *Halvorsen,* 89 Minn. at 472, 95 N.W. at 321. Because the power of the court to grant relief in a default judgment is limited to that demanded in the complaint, it follows that Anderson is entitled to have the error corrected on appeal by a

modification of judgment. *See Northern Trust,* 68 Minn. at 113, 71 N.W. at 9–10; *Halvorsen,* 89 Minn. at 472, 95 N.W. at 321.

We are satisfied that Anderson adequately, if ineptly, put into issue the question of excess relief. Even if he did not specifically raise the extra-pleading damages, the interests of justice require that we address it. Minn.R.Civ.App.P. 103.04 (1990).

The fairness of the rule requiring the default judgment to be limited to the amount demanded in the complaint was stated in 1897 and remains equally true today.

> The defendant by his default submits, without contest on his part, to the court, only the claim of the plaintiff for the relief prayed in the complaint. But if a different or greater relief were demanded, he might appear and contest it as unjust * * *.

*Northern Trust,* 68 Minn. at 113, 71 N.W. at 9. For the same reason, specificity is required in the amount of the demand. To permit "such other sums as are determined through discovery and accounting" to enlarge the judgment amount from $1,566.58 to $4,230.00 undermines the fairness of the proceedings. Even if the damages are proven to the judge's satisfaction, the defaulting party has not had adequate notice of the enhanced claim.

We hold that the relief awarded to Thorp in excess of that specifically requested in the complaint is extrajudicial and void. *See Dockendorf v. Lakie,* 240 Minn. 441, 445–46, 61 N.W.2d 752, 755 (1953). Thorp should have amended its complaint and provided appellant proper notice if it wanted additional relief.

## DECISION

The judgment is modified to limit actual damages to $1,566.58, the amount demanded in the complaint. We remand for recomputation of the judgment.

Affirmed as modified.