*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0514**

City of Shorewood,
Respondent,

vs.

Ronald R. Johnson,
Appellant,

Dee L. Johnson,
Appellant,

First Bank National Association,
Southdale Office, et al.,
Defendants.

**Filed November 2, 2015
Affirmed
Ross, Judge**

Hennepin County District Court
File No. 27-CV-CD-000002344

Mary D. Tietjen, Corrine A. Heine, Kennedy & Graven, Minneapolis, Minnesota (for respondent)

Ronald R. Johnson, Shorewood, Minnesota (pro se appellant)

Dee L. Johnson, Shorewood, Minnesota (pro se appellant)

Considered and decided by Chutich, Presiding Judge; Ross, Judge; and Larkin, Judge.

**ROSS**, Judge

Ronald and Dee Johnson are landowners in a 21-year dispute with the City of Shorewood over the city's condemnation of part of the Johnsons' land. The Hennepin County district court issued two orders enforcing its prior standing orders, which imposed pre-filing conditions on the Johnsons. The district court also sanctioned the Johnsons monetarily for their continued pursuit of frivolous motions. Because the district court did not abuse its discretion (and the Johnsons' inappropriate arguments on appeal enforce the propriety of the district court's determinations), we affirm.

## FACTS

The Johnsons have raised numerous claims since Shorewood condemned part of their land in 1994. The condemnation proceeding officially ended in 2009, and the Johnsons took the opportunity to challenge the finality determination at that time. They have nonetheless occasionally continued to dispute the case until now.

Our review of the record informs us that this appeal does not address the condemnation directly but attempts to revive issues and claims that have been finally determined. The district court imposed pre-filing conditions (on Ronald Johnson in a 2011 standing order and on Dee Johnson in a 2014 standing order) to curb what it perceived as improper litigation. Both standing orders prohibit the Johnsons from filing any documents in district court about the property dispute without first obtaining the signature of an attorney and court approval.

2

In the beginning of 2015, the Johnsons petitioned the district court to file motions, but their petition lacked an attorney's signature. Their effort led to the two orders now at issue. In January 2015 the district court observed that the 2011 and 2014 standing orders clearly require an attorney's signature on all filings and held that the Johnsons' proposed motions failed the requirement. The court warned that it would impose sanctions if the Johnsons again sought to file without meeting the preconditions. The Johnsons sent a letter asking for leave to file another motion. The district court issued another order in March 2015 enforcing the pre-filing requirement and imposing a sanction of $1,000 against the Johnsons for their pursuit of frivolous motions. The Johnsons appeal.

## D E C I S I O N

We issued orders during this appeal limiting our review to the orders issued by the district court in January and March 2015. The Johnsons argue that the district court lacked subject matter jurisdiction; the district court erroneously sanctioned them; the district court lacked authority to restrict their filings; and the deciding judge improperly refused to remove himself. They raise many other issues that, by our orders, are outside our limited scope of review of the January and March 2015 orders.

## I

The Johnsons argue that the district court lacks subject matter jurisdiction over the multi-decade litigation because the city used the wrong statutory procedure to begin the condemnation process in the early 1990s. We consider subject matter jurisdiction de novo. *Nelson v. Schlener*, 859 N.W.2d 288, 291 (Minn. 2015). Minnesota departs from the traditional rule that subject matter jurisdiction can be challenged after judgment at

3

any time. *Bode v. Minn. Dep't. of Nat. Res.*, 612 N.W.2d 862, 868 (Minn. 2000). A party challenging a judgment based on subject matter jurisdiction must raise the challenge within a reasonable period. *Id.* at 870. Whether the period is reasonable is a case-by-case determination based on all circumstances, including prejudice, equities, and the desire for finality. *Id.*

The condemnation here ended in 2009. The 21 years of litigation in state and federal court—including six years after the judgment—remind us why we recognize a "general desirability that judgments be final." *Id.* The equities do not support allowing the late jurisdictional challenge. The Johnsons have availed themselves of the opportunity to litigate this dispute aplenty, and we see no inequity in declining to consider the alleged subject matter jurisdiction failure that they could have raised long ago. And the prejudice to the city and its taxpayers that would follow allowing the seemingly meritless litigation to continue is apparent. We reject the tardy jurisdictional objection.

## II

The Johnsons contend that the district court improperly sanctioned them and enjoined them from litigating. We review sanctions for frivolous litigation for abuse of discretion. *See Szarzynski v. Szarzynski*, 732 N.W.2d 285, 290 (Minn. App. 2007). The district court has broad authority to determine sanctions. *See Patton v. Newmar Corp.*, 538 N.W.2d 116, 119 (Minn. 1995). Because only the January and March 2015 orders are before us, we consider only whether the district court abused its discretion in applying the 2011 and 2014 standing orders to the Johnsons' filing requests. The standing orders required the Johnsons to obtain an attorney's signature and the court's permission before

4

filing any motions related to the condemnation case. The 2015 orders applied the standing orders, denying the Johnsons' attempts to file motions without an attorney's signature. Although the March 2015 order also imposed a monetary sanction, the sanction falls within the inherent power of the district court. Our review of the Johnsons' repeated filings inform us that the district court acted within its discretion to both enforce the filing preconditions and impose monetary sanctions to discourage future violations.

The Johnsons also argue that sanctions are inappropriate because they submitted an attorney's affidavit stating they had a legitimate claim, implying that they complied with the requirement. But the 2011 and 2014 orders stated plainly that the Johnsons must have an attorney *sign* their motion or correspondence. Unlike an attorney's affidavit, an attorney's signature on a pleading imposes a rule-based obligation on the attorney to inquire as to the purpose, the legal merit, and the evidentiary support for the pleading, and it is an obligation that can be enforced with sanctions. *See* Minn. R. Civ. P. 11.02; 11.03. The affidavit submission did not satisfy the district court's requirement.

### III

The Johnsons challenge the requirement that an attorney sign motions and correspondence by arguing that the requirement infringes their right to represent themselves. The Johnsons appear to suggest a constitutional challenge, but their specific constitutional claim is unclear. Although parties in federal civil proceedings have a right to represent themselves under 28 U.S.C. § 1654 (2012), this right is not a constitutional right. *O'Reilly v. N.Y. Times Co.*, 692 F.2d 863, 867 (2d Cir. 1982) (noting self-representation "is a right of high standing" but does not have the constitutional protection

afforded to the right in criminal cases). Because no federal constitutional right to self-representation in a civil proceeding exists, general principles of Minnesota law govern. And the court's general practice rules specifically contemplate the district court's imposing preconditions on a frivolous litigant's filings. Minn. R. Gen. Pract. 9.01. The district court merely followed the rule and did not exceed its authority by ordering or enforcing the conditions.

## IV

The Johnsons claim that it was improper for the district court judge to refuse to remove himself from the case after allegedly having received their notice to remove. Minn. R. Civ. P. 63.03 (allowing any party to file a notice to remove but requiring that the notice "be served and filed within ten days after the party receives notice of which judge or judicial officer is to preside at the trial or hearing"). This argument is not supported by the record, which contains no notice to remove the judge. (The record does inform us that the Johnsons have sought to remove other judges, but not the one they now say improperly refused to step aside.) We limit our review to the record. *Thorp Loan & Thrift Co. v. Morse*, 451 N.W.2d 361, 362 (Minn. App. 1990), *review denied* (Minn. Apr. 13, 1990). We maintain this limit even when appellate litigants are self-represented. *Id.* at 363. Because the record does not indicate the Johnsons' attempted removal of the specified judge, we do not address the argument further.

**Affirmed.**

6