BARBOUR v DEPARTMENT OF SOCIAL SERVICES

Docket No. 127582. Submitted June 10, 1992, at Detroit. Decided February 2, 1993, at 9:05 A.M.

Michael Barbour brought an action in the Wayne Circuit Court against his employer, the Department of Social Services, alleging sexual harassment and sexual discrimination in violation of the Civil Rights Act. The plaintiff alleged various forms of verbal and nonverbal harassment by co-workers and supervisors suggesting that he was a homosexual and solicitation by a supervisor to engage in homosexual acts. The court, James R. Kirwan, J., after reviewing opinions construing the federal civil rights act, granted summary disposition for the defendant on the ground that the Michigan act does not cover harassment and discrimination based on sexual orientation. The plaintiff appealed.

The Court of Appeals *held:*

1. The trial court properly considered the construction given the federal act in construing the corresponding provisions of the Michigan act.

2. Harassment or discrimination based on a person's sexual orientation is not proscribed by the Michigan Civil Rights Act.

3. The trial court erred in dismissing the complaint insofar as it alleged specific homosexual advances directed toward the plaintiff by one of his supervisors. Because a claim of hostile-environment sexual harassment may be based on a single incident of harassment, further proceedings relative to that portion of the complaint are required.

Affirmed in part, reversed in part, and remanded.

CIVIL RIGHTS — SEXUAL HARASSMENT — SEXUAL ORIENTATION.

Harassment or discrimination based on a person's sexual orientation is not proscribed by the Civil Rights Act; however, a claim alleging a specific homosexual advance by a supervisor directed toward an employee states a claim of hostile-environment sexual harassment (MCL 37.2103[h]; MSA 3.548[103][h]).

REFERENCES

Am Jur 2d, Job Discrimination §§ 79-81.

On-the-job sexual harassment as violation of state civil rights law. 18 ALR4th 328.

*Prather & Foley, P.C.* (by *John R. Foley*), for the plaintiff.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Gary P. Gordon* and *Leo H. Friedman,* Assistant Attorneys General, for the defendant.

Before: MARILYN KELLY, P.J., and McDONALD and REILLY, JJ.

PER CURIAM. Plaintiff appeals as of right from a March 20, 1990, opinion and order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(10) in this action alleging a violation of the Civil Rights Act, MCL 37.2101 *et seq.;* MSA 3.548(101) *et seq.* We affirm in part, reverse in part, and remand.

In his complaint, plaintiff alleged that throughout his employment with defendant he was the victim of sexual harassment and sexual discrimination by co-workers and supervisors. Plaintiff alleged the harassment created a hostile working environment, which ultimately required him to leave his employment.

Plaintiff claims he was subjected to various forms of verbal and nonverbal harassment in efforts to get him to "come out of the closet . . . and to engage in homosexual sex . . . ." Plaintiff's sexual orientation constituted the subject matter of the harassment.

The trial court, acknowledging that Michigan courts have yet to address whether harassing a person because of his perceived sexual orientation constitutes sexual harassment under the act,[1]

---

[1] Section 102 of the Act, MCL 37.2102(1); MSA 3.548(102)(1) provides:

looked to the analogous provisions of title VII of the Civil Rights Act of 1964, 42 USC 2000e *et seq.* and the attendant regulations, 29 CFR § 1604.11 (1981), and concluded the act was not intended to address discrimination and harassment due to a person's sexual orientation or perceived orientation. Contrary to plaintiff's assertions, the court properly considered federal precedent construing provisions of title VII when construing the Michigan act. *Radtke v Everett,* 189 Mich App 346; 471 NW2d 660 (1991). Moreover, we believe the court correctly concluded that harassment or discrimination based upon a person's sexual orientation is not an activity proscribed by the act.[2] A review of federal case law reveals title VII's protections are aimed at gender discrimination, not discrimination based on sexual orientation. *Henson v City of Dundee,* 682 F2d 897 (CA 11, 1982) (plaintiff must show that but for the fact of her sex, she would not have been the object of harassment); *DiSantis*

---

The opportunity to obtain employment, housing and other real estate, and the full and equal utilization of public accommodations, public service, and educational facilities without discrimination because of religion, race, color, national origin, age, *sex,* height, weight, or marital status as prohibited by this act, is recognized and declared to be a civil right. [Emphasis added.]

Further, MCL 37.2103(h); MSA 3.548(103)(h) provides in relevant part:

Discrimination *because of sex* includes sexual harassment, which means unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct or communication of a sexual nature when:

\* \* \*

(iii) Such conduct or communication has the purpose or effect of substantially interfering with an individual's employment, public accommodations or public services, education, or housing, or creating an intimidating, hostile, or offensive employment, public accommodations, public services, educational, or housing environment. [Emphasis added.]

[2] Although inherent in the holding of this opinion, we wish to make clear that the act protects men who are discriminated against strictly because of their gender.

*v Pacific Telephone & Telegraph Co, Inc,* 608 F2d 327 (CA 9, 1979); *Williamson v A G Edwards & Sons, Inc,* 876 F2d 69 (CA 8, 1989); *DeCintio v Westchester Co Medical Center,* 807 F2d 304 (CA 2, 1986). Plaintiff has failed to meet the requirement that the harassment be gender-based. Plaintiff's deposition indicates his own belief that the harassment was the result of his co-workers perceptions of his sexual orientation. We therefore find no error in the trial court's dismissal of that portion of plaintiff's complaint based upon allegations of harassment regarding plaintiff's sexual orientation.

However, we do find the court erred in dismissing plaintiff's complaint insofar as it alleged specific homosexual advances directed to him by his supervisor. These actions were directly related to plaintiff's status as a male, and thus render the act applicable. *Wright v Methodist Youth Services, Inc,* 511 F Supp 307 (ND Ill, 1981). A claim of hostile-environment sexual harassment[3] may be based on a single incident of harassment. *Radtke, supra.* We therefore remand for further proceedings with respect to this portion of plaintiff's claim.

Lastly, we decline to address plaintiff's assertion that the court erred in granting defendant's motion for summary disposition because it had previously denied a similar motion. Plaintiff has failed to cite any authority in support of this position. *Ward v Frank's Nursery & Crafts, Inc,* 186 Mich App 120; 463 NW2d 442 (1990).

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

---

[3] Although plaintiff now asserts "quid pro quo" discrimination as an alternate theory of recovery, neither plaintiff's complaint nor his deposition substantiates this claim.