◼ Michael Yukoweic, Appellant, v International Business Machines, Inc., et al., Respondents. [643 NYS2d 747] —Peters, J.

Plaintiff, a mechanical engineer working as an independent contractor, sought temporary work through defendant Tad Technical Services Corporation. From April 1991 through October 1991, plaintiff was placed with defendant International Business Machines, Inc. (hereinafter IBM) as a mechanical engineer in their facility located in the City of Poughkeepsie, Dutchess County. Plaintiff reported to supervisors of both Tad and IBM, although he was ultimately paid by Tad.

Initially, plaintiff was placed in a room designated by IBM for use by their independent contractors. Therein, plaintiff contends that he was subjected to constant intimidation, ridicule and humiliation through crass sexual talk by several of his male co-workers. The subject matter of such comments concerned his relationship with his female housemate, graphic descriptions of sexual acts and plaintiff's sexual preference. Plaintiff contended that even when such remarks were not directed toward him, he found them sexually harassing and

not "conducive to work". Although plaintiff was ultimately moved from that workspace to another after registering complaints with both Tad and IBM, he alleged that the new workspace proved no better. It was in this second location that plaintiff surreptitiously taped selected conversations that he alleges reflect the type of male-to-male harassment to which he was subjected. Plaintiff further contends that notwithstanding his continued complaints to both Tad and IBM supervisors, his complaints went ignored. Plaintiff's assignment with IBM was ultimately terminated.

Contending that it was impossible for him to perform his work due to the hostile environment created by his co-workers, plaintiff commenced this action in December 1991 alleging numerous violations of Executive Law § 296. After issue was joined, IBM and Tad both moved for summary judgment dismissing the complaint. Supreme Court granted defendants' motions noting that although plaintiff was, without question, subjected to tasteless, offensive and insulting remarks, there was no basis in the record to indicate that the alleged harassment was predicated upon his gender. Failing to demonstrate a necessary element of a hostile environment claim under Executive Law § 296, the complaint was dismissed. Plaintiff appeals.

To successfully oppose defendants' motions for summary judgment on a claim alleged under Executive Law § 296, plaintiff must establish a prima facie case of sexual harassment (see, Fair v Guiding Eyes for the Blind, 742 F Supp 151, 154),* which here entails a showing that "(1) [he] belongs to a protected group, (2) [he] was the subject of unwelcome sexual harassment, (3) the harassment was based on [his] sex, (4) the sexual harassment affected a term, condition or privilege of employment, and (5) the employer knew or should have known of the harassment and failed to take remedial action" (supra, at 155; see, Harris v Forklift Sys., 510 US 17; Griffith v Keystone Steel & Wire, 887 F Supp 1133; Polly v Houston Light. & Power Co., 825 F Supp 135).

Acknowledging that plaintiff, as a male, belongs to a protected group for purposes of a claim based on gender discrimination (see, Executive Law § 296 [1] [a]; Griffith v Keystone Steel & Wire, supra; Vandeventer v Wabash Natl.

---

* New York courts require the same standard of proof in actions brought pursuant to Executive Law § 296 as that applied to Federal actions brought under title VII of the Civil Rights Act of 1964 (42 USC § 2000e-2) since the language of the two statutory provisions are almost identical (see, Fair v Guiding Eyes for the Blind, 742 F Supp 151, 157, supra).

*Corp.*, 867 F Supp 790; *Polly v Houston Light. & Power Co., supra*) and assuming, arguendo, that when viewing the evidence in a light most favorable to plaintiff it could be established that he was subjected to unwelcome sexual harassment, we conclude, upon our review of the record, that plaintiff is unable to establish that this harassment was based upon his gender. "If the acts complained of would be equally offensive to both sexes, then the subject of the harassment cannot claim to have been singled out because of [his] sex" (*Fair v Guiding Eyes for the Blind, supra*, at 156).

The proffer of proof predominantly consists of transcripts of plaintiff's depositions and the taped conversations which indicate that plaintiff was the subject of a great deal of offensive verbal abuse. However, the record notably indicates that plaintiff readily took part in these conversations and, in many instances, encouraged and contributed greatly to the subject matter. While plaintiff's own deposition testimony indicates that he believed that he was targeted due to his marital status and the group's perception that he was homosexual, there exists no claim that he was targeted by his fellow male employees due to his gender. Thus, "[w]hen the comments creating a sexual harassment claim are not linked in any way to the recipient's gender, there has been no disparate treatment" (*supra*, at 156).

As the record is replete with credible, nongender-based motives for the harassment allegedly suffered by plaintiff (*see, Vandeventer v Wabash Natl. Corp., supra*, at 796) and since plaintiff has not shown that "*but for* his being male, he would not have been treated by his co-workers in the manner that he was" (*Polly v Houston Light. & Power Co., supra*, at 138), we find that Supreme Court properly granted summary judgment dismissing the complaint (*see, Zuckerman v City of New York*, 49 NY2d 557, 562).

Accordingly, Supreme Court's order is affirmed in its entirety.

Mercure, J. P., White, Casey and Spain, JJ., concur. Ordered that the order is affirmed, without costs.