Richard S. CUMMINGS, Respondent,

v.

Charles E. KOEHNEN, et al.,
petitioners, Appellants.

No. C6–96–1118.

Supreme Court of Minnesota.

Aug. 28, 1997.

Rider, Bennett, Egan & Arundel, L.L.P., John D. Thompson, Kristen Paulson Gibbons,

Eric J. Magnuson, Minneapolis, for Appellants.

M. Kevin Snell, Minneapolis, for Respondent.

State of Minnesota, Office of Attorney General, Erica Jacobson, Assistant Attorney General, St. Paul, for amicus curiae Commissioner of Human Rights.

## OPINION

GARDEBRING, Justice.

This case raises for the first time the question of whether male-on-male sexual harassment is prohibited by the Minnesota Human Rights Act (MHRA), Minn.Stat. ch. 363, and, if so, whether a plaintiff in such a case must show that the harassment affected one gender differently than the other or that the harasser was homosexual. The trial court granted defendants' (here the appellants) motion for summary judgment on plaintiff's sexual harassment claim, holding that a claim of sexual harassment between two heterosexual men in an all-male workplace is not actionable under the MHRA. The court of appeals reversed. We affirm the judgment of the court of appeals.

S & K Trucking and Landscaping, L.L.C., hired the plaintiff Richard Cummings, in July 1992, as a seasonal truck driver, to haul snow, dirt, gravel, and blacktop. Cummings continued to work seasonally at S & K until he was notified on March 12, 1994, that he would not be recalled from a seasonal layoff. At all times during Cummings' employment with S & K, Charles Koehnen, who was co-owner of the business, acted as manager and was Cummings' direct supervisor.

On September 13, 1994, Cummings filed a charge against S & K with the Minnesota Department of Human Rights, alleging that throughout his employment at S & K, Koehnen had subjected Cummings to "ongoing sexual harassment." The Department of Human Rights made a finding of probable cause on July 14, 1995, and Cummings brought this suit against Koehnen and S & K on October 27, 1995.

In his complaint, Cummings asserted he was subjected to sexual harassment in violation of the MHRA.[1] Specifically, Cummings claimed that Koehnen repeatedly said to him, "How about sucking my little dick and make it a big dick before you go out to make me money"; routinely told Cummings to bend over so he could engage in anal sex with him; routinely placed his hands on Cummings' hips, simulating anal sex, while stating, "Here, let me show you how a real man takes it"; and routinely told Cummings, who had a pony tail, that he was going to use the pony tail as a handle while Cummings was on his knees to give Koehnen a blow job. Cummings also alleged that Koehnen would pinch him on the buttocks or on the inside of his legs and would place tools and a garden hose up against Cummings' crotch and genitals.

Further, he alleged that Koehnen would call him derogatory sexual names, including "fat faggot"; that he told Cummings to "bend over so I can do you in the ass"; and that on payday he threw Cummings' paycheck on the floor, made him bend over to pick it up, grabbed Cummings' hips, simulated anal sex, and said, "Once you had this you'll never go back to your wife." Cummings claimed these incidents, and other similar ones, occurred nearly every day, were unwelcome and substantially interfered with his employment by creating a hostile work environment.

The appellants moved for summary judgment, which the district court granted, concluding that because both men were heterosexual and because Cummings had failed to present any evidence that the alleged harassment was "based on sex," he had failed to state a claim upon which relief could be granted under MHRA. The court of appeals reversed, concluding that a plaintiff need not prove the harassment was "based on" or "because of" gender or sexual orientation in order to state a claim for relief under the MHRA.[2] *Cummings v. Koehnen*, 556 N.W.2d 586 (Minn.App.1996).

On an appeal from summary judgment, we must examine two questions, whether there are any genuine issues of material fact and whether the lower courts erred in their application of the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn. 1990). An appellate court must view the evidence in the light most favorable to the party against whom judgment was granted. *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993). The construction of a statute is a question of law and thus fully reviewable. *Hibbing Educ. Ass'n. v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn. 1985).

Under the MHRA, it is an unfair employment practice for an employer "*because of * * * sex * * ** to discriminate against a person with respect to hiring, tenure, compensation, terms, upgrading, conditions, facilities, or privileges of employment." Minn. Stat. § 363.03, subd. 1(2) (1996) (emphasis added). For purposes of sex discrimination, the term "discriminate" includes sexual harassment. Minn.Stat. § 363.01, subd. 14

1. Cummings asserted a variety of claims in addition to his MHRA claim. He alleged sexual harassment under Title VII of the Federal Civil Rights Act of 1964, but later dismissed these claims on his own. In addition, Cummings raised claims of reprisals and retaliation on the basis of sex, whistleblower violations, wrongful discharge, negligent hiring, retention, supervision and discharge, intentional infliction of emotional distress, and assault and battery. The reprisal and retaliation claims and the intentional infliction of emotional distress claims and negligent hiring were dismissed on summary judgment and have not been appealed. Summary judgment was not granted on Cummings' whistleblower, wrongful discharge, negligent suspension and retention, and assault and battery claims and those claims are also not part of this appeal. Finally, Cummings asserted that S & K,

as his employer, failed to investigate his complaints of sexual harassment, also in violation of the MHRA. This claim was dismissed on summary judgment, but because it is derivative of Cummings' sexual harassment claims, our holding on those claims revives the failure to investigate claim as well.

2. The court of appeals, in an earlier case, had required a plaintiff in a sexual harassment case to show the harassment was "based on sex." *Klink v. Ramsey County by Zacharias*, 397 N.W.2d 894, 901 (Minn.App.1986), *pet. for rev. denied* (Minn., Feb. 13, 1987). *Klink* is in error to the extent that it requires a plaintiff to prove that sexual harassment is "based on sex," separate and apart from the elements of Minn.Stat. § 363.01, subd. 14.

(1996). Further, "sexual harassment," as defined in the MHRA,

> includes unwelcome sexual advances, requests for sexual favors, sexually motivated physical contact or other verbal or physical conduct of a sexual nature when:
>
> (1) submission to that conduct or communication is made a term or condition, either explicitly or implicitly, of obtaining employment * * *;
>
> (2) submission to or rejection of that conduct or communication by an individual is used as a factor in decisions affecting that individual's employment * * *; or
>
> (3) that conduct or communication has the purpose or effect of substantially interfering with an individual's employment * * *, or creating an intimidating, hostile, or offensive employment * * * environment; and in the case of employment, the employer knows or should know of the existence of the harassment and fails to take timely and appropriate action.

Minn.Stat. § 363.01, subd. 41.

Thus, we have before us a statutory scheme that specifically includes within the definition of sexual discrimination claims for sexual harassment, which, in turn, is broadly defined to include a variety of specific behaviors.

■ As a threshold issue we must consider whether the MHRA allows claims for same-gender sexual harassment at all. Both parties to this matter concede that it does and we agree. The statutory language is written in gender-neutral terms, referring to the actors as "individual" and "employer." Minn.Stat. § 363.01, subd. 41. Neither the definition of "discriminate" nor that of "sexual harassment" specifies that the gender of the victim and harasser must be different for the discrimination or harassment to be actionable. See Minn.Stat. § 363.01, subds. 14, 41. Thus, from the plain language of the statute, it is clear that the MHRA applies to same-gender sexual harassment.[3]

At issue in this case is the nature of proof necessary to establish a claim of same-gender sexual harassment. Specifically, we are asked to consider whether a sexual harassment plaintiff must prove, in addition to the elements of sexual harassment set forth in section 363.01, subd. 41, that the harassment was "because of sex," an apparent requirement of section 363.03, subd. 1(2). Appellants argue that a plaintiff must prove that the harassment was "because of sex" and that the phrase must have one of two meanings: that the harassment resulted in the disparate treatment of one gender or that the conduct was motivated by the harasser's actual sexual interest in the victim, that is,

**3.** Further, while the federal appellate courts are divided, the majority to confront this issue have held that same-gender sexual harassment is actionable under Title VII. *Quick v. Donaldson Co., Inc.,* 90 F.3d 1372, 1377–79 (8th Cir.1996); *Fredette v. BVP Management Associates,* 112 F.3d 1503, 1997 WL 228588, at *3–4 (11th Cir.1997); *Yeary v. Goodwill Industries–Knoxville, Inc.,* 107 F.3d 443, 448 (6th Cir.1997); *Wrightson v. Pizza Hut of America, Inc.,* 99 F.3d 138, 142 (4th Cir.1996). Three other circuits have indicated in dicta that such claims are actionable. *Baskerville v. Culligan International Co.,* 50 F.3d 428, 430 (7th Cir.1995); *Steiner v. Showboat Operating Co.,* 25 F.3d 1459, 1464 (9th Cir.1994); *Bundy v. Jackson,* 641 F.2d 934, 942 n. 7 (D.C.Cir. 1981). Only the Fifth Circuit has held otherwise. *Garcia v. Elf Atochem North America,* 28 F.3d 446, 452 (5th Cir.1994). The Supreme Court has agreed to consider this issue during its next term. *Oncale v. Sundowner Offshore Services Inc.,* 95 F.3d 56 (5th Cir.1996), *cert. granted,* —— U.S. ——, 117 S.Ct. 2430, 138 L.Ed.2d 192 (1997).

Similarly, several other states have construed their antidiscrimination laws to include a prohibition of same-gender sexual harassment. *Melnychenko v. 84 Lumber Co.,* 424 Mass. 285, 290, 676 N.E.2d 45, 48 (1997) ("'[s]exual harassment as defined in [the statute] is not limited to conduct of a supervisor aimed at a subordinate of the opposite sex, nor is it limited to same-sex conduct only where the harasser is a homosexual."); *Mogilefsky v. Superior Court,* 20 Cal. App.4th 1409, 1416, 26 Cal.Rptr.2d 116, 119 (1993) (same-gender sexual harassment actionable under California statute); *Barbour v. Department of Social Services,* 198 Mich.App. 183, 186, 497 N.W.2d 216, 218 (1993) (male plaintiff stated claim for sexual harassment based on homosexual advances by male supervisor); *Doe v. Department of Transportation,* 85 Wash.App. 143, 148–49, 931 P.2d 196, 199–200 (1997) (assuming without stating that same-gender harassment actionable); *Yukoweic v. International Business Machines Inc.,* 228 A.D.2d 775, 643 N.Y.S.2d 747, 748 (N.Y.App.Div.1996) (same-gender harassment actionable but plaintiff failed to allege facts sufficient to support claim).

that the harasser was homosexual. Cummings cannot meet his burden of proof, appellants argue, because there were no female employees at S & K who were similarly situated to Cummings, and thus he could not show differential treatment; and because Koehnen, the harasser, is heterosexual and therefore could not have an actual sexual interest in another man.

Cummings, on the other hand, argues that separate proof of the "because of sex" element is unnecessary because sexual harassment is specifically included in the meaning of "discrimination, based on sex." Therefore, he asserts, a plaintiff need only offer proof of the elements set forth in the specific definition of sexual harassment.

Thus, we must determine whether the legislature intended that proof of the elements of Minn.Stat. § 363.01, subd. 41, is enough to establish a claim of same-gender sexual harassment or whether a plaintiff must offer additional evidence that the behavior was "based on sex," specifically that it affected one gender differently than the other or that the harasser was homosexual.

In analyzing questions of statutory interpretation, our object is to ascertain and effectuate the intention of the legislature. Minn.Stat. § 645.16 (1996). The legislature has indicated that the MHRA should be liberally construed for the accomplishment of its purposes. Minn.Stat. § 363.11 (1996). One of those purposes includes protecting Minnesota employees from sexual harassment. *See* Minn.Stat. § 363.03, subd. 1(2) and Minn.Stat. § 363.01, subds. 14, 41 (mak-

ing sexual harassment an unfair employment practice).

We are persuaded that Cummings is correct in his argument that the "because of sex" requirement of section 363.03, subd. 1(2) is rendered superfluous in sexual harassment claims by the specific statutory definitions of discrimination and sexual harassment.[4] "The term 'discriminate' includes segregate or separate and, *for purposes of discrimination based on sex, it includes sexual harassment.*" Minn.Stat. § 363.01, subd. 14 (emphasis added). This definition makes it clear that sexual harassment *is* "discrimination based on sex." The actionable language of section 363.03, subd. 1(2), that it is unlawful, "for an employer, because of * * * sex, * * * to discriminate," means, in a sexual harassment case, that it is unlawful "for an employer to sexually harass." Thus, it is not necessary for a sexual harassment plaintiff to prove that the harassment occurred "because of sex," in addition to proving the elements of sexual harassment as set forth in section 363.01, subd. 41.

Specifically, we reject the arguments by appellant that a plaintiff in a same-gender sexual harassment case must prove either that the harassment affects one gender differently than the other[5] or that the harasser is homosexual. Requiring a plaintiff to show that conduct not only met the elements of sexual harassment, but also resulted in the differential treatment of male and female

---

4. Another way of resolving this issue would be to read "because of sex" to mean, in sexual harassment claims, "relating to human sexuality." In this way, we could give meaning to all provisions of the statute, as required by Minn.Stat. § 645.17(2) (1996). This is essentially the view adopted by the court of appeals. However, the result is the same: the plaintiff in a same-gender sexual harassment claim is required to offer proof only on the elements of sexual harassment, as provided in Minn.Stat. § 363.01, subd. 14, because that evidence is of necessity "relating to human sexuality."

5. We recognize that in so holding, we depart from the federal rule, where proof of a disparate effect on one gender is a necessary element of any sexual harassment claim. *See Quick,* 90 F.3d at 1378 (citing *Harris v. Forklift Systems,*

*Inc.,* 510 U.S. 17, 25, 114 S.Ct. 367, 372, 126 L.Ed.2d 295 (1993) (Ginsberg, J., concurring)). While we have looked in the past to federal cases interpreting Title VII for guidance in interpreting the MHRA because the statutes are similar in many respects, *Sigurdson v. Isanti County,* 386 N.W.2d 715, 719 (Minn.1986), we decline to follow the federal rule here because the MHRA is not similar to Title VII in its treatment of sexual harassment. Title VII prohibits only sex discrimination, 42 U.S.C. § 2000e–2(a)(1), while the MHRA specifically prohibits sexual harassment. Minn.Stat. §§ 363.01 and 363.03. Thus, Title VII's statutory prohibition turns on discrimination, while Minnesota's statutory language includes the specific definition of sexual harassment.

employees would lead to absurd results.[6] Such a requirement would leave two classes of employees unprotected from sexual harassment in the workplace: employees who work in a single-gender workplace and employees who work with an "equal opportunity harasser," who harasses sexually both males and females. There is nothing in the MHRA to indicate the legislature intended to leave these classes of employees unprotected, and we cannot presume the legislature intended such an absurd result. *See* Minn. Stat. § 645.17(1) (in interpreting statutes, courts must presume the "legislature does not intend a result that is absurd").

■ Secondly, holding as we do that proof of the "because of sex" element is provided by evidence on the specific statutory elements of sexual harassment, Minn.Stat. § 363.01, subd. 41, we must also reject appellants' argument that a plaintiff must affirmatively prove the same-gender harasser is homosexual to proceed on a same-gender sexual harassment claim. Appellants argue that harassment of a sexual nature could not be "because of sex" unless the harasser had an actual sexual interest in the victim, that is, unless the harasser was homosexual. However, that argument is simply not supported by the statutory language. The statute defines sexual harassment as including "unwelcome sexual advances, requests for sexual favors, sexually motivated physical contact or other verbal or physical conduct or communication of a sexual nature" that substantially interferes with the victim's employment or creates a hostile work environment. Minn.Stat. § 363.01, subd. 41. Appellants' argument that a plaintiff must also show that the conduct is always motivated

by the sexual desires of the harasser would narrow the prohibition in a manner inconsistent with the statute. The statute simply does not require a plaintiff to always show the conduct was motivated by an actual interest in sexual activity with the plaintiff. Rather, sexual harassment can include any "verbal or physical conduct or communication of a sexual nature" that has the effect of substantially interfering with the plaintiff's employment or of creating a hostile work environment. Minn.Stat. § 363.01, subd. 41. Evidence that the harasser was actually interested in sexual contact with the plaintiff may help to show that the conduct was "of a sexual nature," but in a case such as this, where the alleged actions were overtly sexual, such proof is not mandated by the language of the statute.

Our holding in this matter is supported by the legislative history of the MHRA. Initially, the MHRA did not specifically prohibit sexual harassment, only sex discrimination. *See* Minn.Stat. ch. 363 (1978). The specific definition of sexual harassment, and its placement within the prohibition of "discrimination based on sex," was added by the legislature at a later date. Act of March 23, 1982, ch. 619, §§ 2 and 3, 1982 Minn. Laws 1508, 1511. The legislature placed the prohibition of sexual harassment within the prohibition of "discrimination based on sex" in order to fit that new provision within the existing structure of the MHRA. We believe that the apparent requirement that a plaintiff prove both that the complained-of behavior was "because of sex" and also that it met the requirements of Minn.Stat. § 363.41, subd. 41, is a drafting anomaly resulting

---

**6.** Appellants cite *Continental Can Co., Inc. v. State*, 297 N.W.2d 241 (Minn.1980) for the proposition that sexual harassment must have a disparate effect on one gender to be actionable under the MHRA. *Continental Can* interpreted an earlier version of the MHRA, and is therefore not dispositive of the issue before us. At the time *Continental Can* was decided, the MHRA did not prohibit sexual harassment specifically; it only prohibited discrimination based on sex. *See Continental Can*, 297 N.W.2d at 246. We held that sexual harassment was actionable under the MHRA because it is a form of gender discrimination. *Id.* at 248. While we were finally led to the conclusion that the harassment had a dispa- rate impact on females, that was a necessary conclusion given the language of the MHRA at that time. *See id.* at 248–49. Moreover, our holding that the sexual harassment was actionable was not based on an affirmative showing that the harassment was aimed only at the female plaintiff and not at males, but on the nature of the harassment, which demonstrated that it was aimed at the female plaintiff because she was a woman. *See id.* In other words, it was the sexual nature of the conduct that made it discrimination based on sex—a requirement that is now set forth in the statutory language. *See* Minn.Stat. § 363.01, subds. 14, 41.

from the later addition of the sexual harassment provisions.

■ In addition, our conclusion is consistent with the position taken by the Minnesota Department of Human Rights, in its probable cause finding in this case and its brief as *Amicus Curiae*, which is entitled to deference.[7] *See Minnesota Mining and Manufacturing Co. v. State*, 289 N.W.2d 396, 400 (Minn.1979).

■ In summary then, we hold that under the MHRA, a plaintiff alleging sexual harassment by a person who is of the same gender must prove that the conduct complained of meets the elements set forth in the definition of sexual harassment, Minn.Stat. § 363.01, subd. 41, but does not need to prove that the harassment affected one gender differently than the other, nor that the harasser was homosexual.

Finally, we must emphasize that our decision in this matter does not mean that every sexual comment in the workplace becomes actionable sexual harassment. The plaintiff must still prove the elements of sexual harassment set forth in section 363.01, subd. 41. That is, the conduct must be unwelcome, it must consist of "sexual advances, requests for sexual favors, sexually motivated physical contact or other verbal or physical conduct or communication of a sexual nature," and it must be sufficiently pervasive so as to substantially interfere with the plaintiff's employment or to create a hostile, intimidating or offensive work environment. Minn.Stat. § 363.01, subd. 41; *see, e.g., Klink v. Ramsey County by Zacharias*, 397 N.W.2d 894 (Minn. App.1986) (foul language and vulgar behavior in workplace did not rise to level of actionable sexual harassment under MHRA). In addition, to hold the employer liable, a plaintiff must show that "the employer knows or should know of the existence of the harassment and fails to take timely and appropriate action." Minn.Stat. § 363.01, subd. 41. This

is a high threshold, and our holding here today does not change that fact.[8]

Affirmed.

PAGE, Justice (dissenting).

I respectfully dissent. While I agree with the court's conclusion that the Minnesota Human Rights Act (MHRA) prohibits sexual harassment between individuals of the same sex, I do not believe that in amending the MHRA to specifically prohibit sexual harassment the legislature intended to make actionable all "rude and crude" conduct that takes place in the workplace between people of the same sex. In dissenting, I do not mean to suggest that Koehnen's conduct was not offensive and disgusting or that employers should either permit or be required to tolerate such conduct in the workplace. The conduct alleged is both rude and crude and employers have a right to prohibit it. However, that is not the same as saying that the conduct is prohibited by the MHRA.

Minnesota Statutes § 363.03, subdivision 1, provides that:

> Except when based on a bona fide occupational qualification, it is an unfair employment practice:
>
>    \*    \*    \*    \*    \*    \*
>
> (2) For an employer, *because of* \* \* \* *sex*
>
>    \*    \*    \*    \*    \*    \*
>
> (c) to discriminate against a person with respect to hiring, tenure, compensation, terms, upgrading, conditions, facilities, or privileges of employment.

(Emphasis added.) Minnesota Statutes section 363.01, subdivision 14, in defining the term "discriminate," states that "for purposes of discrimination *based on sex*, it includes sexual harassment." (Emphasis added.) Subdivision 41 of section 363.01 then

---

7. We also note that the Department of Human Rights has taken a similar position in its findings of probable cause in two other similar cases. While these cases were brought to our attention in an affidavit by the department's attorney which is not technically a part of the record, we take judicial notice because the affidavit was submitted when the department first became in-

volved in this case as an *Amicus* before the court of appeals.

8. We express no opinion as to whether Cummings' allegations meet this requirement. That is for the factfinder, after hearing the evidence, to determine.

defines "sexual harassment" as including "unwelcome sexual advances, requests for sexual favors, sexually motivated physical contact or other verbal or physical conduct or communication of a sexual nature * * *."

This statutory framework came about as a result of the legislature's codification of this court's holding in *Continental Can Co., Inc. v. State,* 297 N.W.2d 241 (Minn.1980).[1] In 1980, before sexual harassment was explicitly prohibited by the MHRA, this court held that sexual harassment was actionable under the MHRA because it was a form of gender discrimination. *Id.* at 249. At that time, the MHRA only prohibited discrimination on the basis of sex. In *Continental Can,* we stated that one of the purposes of the MHRA was "to rid the workplace of disparate treatment of female employees merely because they are female." *Id.* at 248. We further stated that, "[w]hen sexual harassment is directed at female employees because of their womanhood, female employees are faced with a working environment different from the working environment faced by male employees." *Id.* Thus, the law of sexual harassment, as it was initially developed by the courts, was designed to remove barriers to equality based on one's gender. *See Meritor Savings Bank, FSB v. Vinson,* 477 U.S. 57, 66–67, 106 S.Ct. 2399, 2405–06, 91 L.Ed.2d 49 (1986). Given the development of Minnesota's law of sexual harassment, it is clear that a necessary predicate to establishing a claim of sexual harassment is establishing that the conduct alleged to constitute the sexual harassment occurred "because of sex."

The court's interpretation of the MHRA reads the "because of sex" requirement out of the statute and extends the MHRA to cover claims of workplace harassment inconsistent with the statute's underlying purposes as articulated in *Continental Can.* Significantly, the legislature, without modification, adopted this court's interpretation of the MHRA in *Continental Can.* Had the legislature intended to eliminate the "because of sex" requirement for establishing claims of sexual harassment under the MHRA, it could easily have done so but did not.[2]

The court's opinion raises the concern that if "because of sex" is not read out of the statute, an absurd result would follow because two classes of employees would be left unprotected: "employees who work in a single-gender workplace and employees who work with an 'equal opportunity harasser,' who harasses sexually both males and females." *Ante* at 423. First, and most important, employees who fall into these two categories are not left unprotected. In order to establish an actionable claim, they need only show that the alleged harassment occurred "because of sex." This is the same test that women making claims of sexual harassment against men have had to meet since the law of sexual harassment was developed. Moreover, the legislature could reasonably decide that employees who do not face barriers to equality because of their sex do not need protection under the statute. Such a decision is not absurd.

Finally, in reading the "because of sex" requirement out of the statute, the court claims "that the apparent requirement that a plaintiff prove both that the complained-of behavior was 'because of sex' and also that it met the requirements of Minn.Stat. § 363.01, subd. 41" was a mere "drafting anomaly." *Ante* at 423. While, I suppose, theoretically that is a possibility, it is certainly not the only possibility, nor even the most likely. Our rules of statutory construction provide that, "[w]hen the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursing the spirit." Minn.Stat. § 645.16 (1996). Here, the statutory provisions in question are clear and free from all ambiguity. In order for conduct to constitute sexual harassment, it must first be "because of sex." It is not for this court to read into the MHRA that which the legislature did not provide, nor is it the court's role to read

---

1. In 1982, the MHRA was amended to specifically prohibit sexual harassment. Act of March 23, 1982, ch. 619, §§ 2 and 3, 1982 Minn. Laws 1508, 1511.

2. While the court's decision may be politically correct, I find the court's analysis leading to the conclusion that "because of sex" should be read out of the statute legally flawed.

out of the MHRA that which the legislature did provide.

I see the court's decision today as generating a flood of sexual harassment claims[3] from a class of people who have never faced barriers to gender equality in the workplace, with the ultimate result being less protection for those women and men who have faced such barriers and whom the legislature clearly intended to protect.

Therefore, I dissent.

---

**3.** To paraphrase Justice Tomljanovich from her concurring opinion in *Bilal v. Northwest Airlines, Inc.*, 537 N.W.2d 614, 620 (Minn.1995), the courts simply cannot be the arbiter of all "rude and crude" conduct.