**Roslyn R. RODGERS, Appellant,**

v.

**GENERAL ELECTRIC CAPITAL CORPORATION, A New York Corporation, Respondent.**

No. C2–99–286.

Court of Appeals of Minnesota.

July 13, 1999.

Review Denied Sept. 28, 1999.

Eric L. Crandall, Stillwater, for appellant.

Kris Wittwer, Allan J. Zlimen, Stewart, Zlimen & Jungers, Ltd., Minneapolis, for respondent.

Considered and decided by HARTEN, Presiding Judge, KLAPHAKE, Judge, and WILLIS, Judge.

## OPINION

KLAPHAKE, Judge

Rosalyn Rodgers appeals from summary judgment awarded to her creditor, respondent General Electric Capital Corporation (GE Capital), which repossessed a vehicle under the terms of a security agreement after Rodgers' discharge in bankruptcy. Rodgers claims that despite her bankruptcy discharge and her failure to reaffirm the installment contract post-bankruptcy, she was entitled to notice before the vehicle was repossessed. We disagree and affirm.

## FACTS

Rodgers purchased a 1992 Ford Thunderbird on September 18, 1996, for $8,952.50, financed by a loan from GE Capital. The parties entered into a security agreement and an installment contract requiring Rodgers to pay $310.82 monthly. Rodgers admits that "[a] number of [the] payments were late."

On September 29, 1997, Rodgers filed for Chapter 7 bankruptcy in Bankruptcy Court. It is undisputed that no agreement was filed with the bankruptcy court to reaffirm the installment contract. On January 5, 1998, the bankruptcy court ordered Rodgers discharged from all of her debts. Post-bankruptcy, Rodgers made a payment on the installment contract on February 12, 1998. The vehicle was repossessed by GE Capital on March 4, 1998.

Rodgers initiated an action against GE Capital, alleging various statutory and common law contract and tort claims. The district court granted GE Capital's motion for summary judgment, concluding that Rodgers' obligation to pay the debt was discharged in bankruptcy and that GE Capital had the right to repossess the vehicle under the security agreement, which survived the bankruptcy proceedings. In this appeal, Rodgers claims that she was entitled to notice before repossession of the vehicle under *Cobb v. Midwest Recovery Bureau Co.*, 295 N.W.2d 232 (Minn. 1980).

### ISSUE

Did the trial court err in granting summary judgment to GE Capitol on the ground that Rodgers was not entitled to notice prior to repossession of the vehicle under *Cobb v. Midwest Recovery Bureau Co.*, 295 N.W.2d 232 (Minn.1980)?

### ANALYSIS

"On appeal from summary judgment, we must examine two questions, whether there are any genuine issues of material fact and whether the lower court erred in their application of the law." *Cummings v. Koehnen*, 568 N.W.2d 418, 420 (Minn. 1997) (citation omitted). "A reviewing court must view the evidence in the light most favorable to the party against whom summary judgment was granted." *Vetter v. Security Continental Ins. Co.*, 567 N.W.2d 516, 520 (Minn.1997) (citation omitted). "Where the parties do not dispute the relevant facts, a de novo standard of review is applied to determine whether the district court erred in its application of the law." *Medica, Inc. v. Atlantic Mut. Ins. Co.*, 566 N.W.2d 74, 76 (Minn.1997) (citation omitted).

■ Rodgers claims that the discharge of her debts in bankruptcy did not affect her right to possess the vehicle. She reasons that under *Cobb*, GE Capital was required to notify her that it would no longer accept late payments on the install-ment contract before repossessing the vehicle. The rationale for the notice requirement in *Cobb* is that the secured party's conduct in accepting repeated late payments induces the debtor's justified reliance in the acceptability of late payments. *Cobb*, 295 N.W.2d at 236.

■ This case is distinguishable from *Cobb*. First, the bankruptcy proceedings discharged any debt Rodgers owed to GE Capital and had the effect of voiding the installment contract. *See* 11 U.S.C. § 727(b) (1994) (bankruptcy "discharges the debtor from all debts that arose before the date of the order for relief"); *Judd v. Wolfe*, 78 F.3d 110, 114 (3d Cir.1996) ("[t]he operative word in this section is 'all' "); *In re Greenway*, 71 F.3d 1177, 1179 (5th Cir.1996); *Butler v. NationsBank, N.A.*, 58 F.3d 1022, 1028 (4th Cir.1995). In *Cobb*, the court required the debtor to receive notice before repossession when the debtor breached a valid installment contract. *Cobb*, 295 N.W.2d at 237. Here, no installment contract existed at the time of repossession and thus Rodgers was not entitled to notice. Further, while Rodgers had the right and opportunity to reaffirm the installment contract, it is undisputed that there was no valid reaffirmation contract that would have allowed the installment contract to survive the bankruptcy proceedings. *See* 11 U.S.C. § 524(c) (1994) (to be enforceable, reaffirmation of dischargeable debt between creditor and debtor must be filed with bankruptcy court before the bankruptcy discharge).

■ Second, Rodgers has not shown any justifiable reliance that would estop GE Capital from asserting its security interest in the vehicle. With the discharge of the installment contract in bankruptcy, any reliance or expectation on Rodgers' part that late payments could continue was extinguished. Further, in *Cobb* the creditor had accepted years of late payments, had renegotiated the terms of the loan agreement two times prior to the repossession, and had finally repossessed the vehicle

when there were only four payments remaining on the contract. *Cobb*, 295 N.W.2d at 234. The facts of this case show neither an extended history of late payments nor, in the light of bankruptcy, justifiable reliance on the allowance of late payments. Thus, the notice requirements of *Cobb* do not apply in this case, and the district court properly granted summary judgment to GE Capital.

### DECISION

The district court did not err in granting summary judgment to GE Capital because the notice provisions of *Cobb* did not apply in this case.

**Affirmed.**