Kenneth Edward MURRAY, Appellant,

v.

MINNCOR, et al., Respondents.

No. C3–99–376.

Court of Appeals of Minnesota.

July 20, 1999.

Review Denied Sept. 28, 1999.

Kenneth E. Murray, Moose Lake, appellant pro se.

Mike Hatch, Attorney General, Paul Merwin, Assistant Attorney General, St. Paul, for respondents.

Considered and decided by WILLIS, Presiding Judge, KLAPHAKE, Judge, and HARTEN, Judge.

## OPINION

KLAPHAKE, Judge

Appellant Kenneth Murray challenges the district court's grant of summary judgment and dismissal of his breach of contract action against respondent MINN-COR, a division of the Minnesota Department of Corrections (DOC). We affirm.

## FACTS

Kenneth Murray is a state prisoner at the Minnesota Correctional Facility at Moose Lake. Murray is employed by MINNCOR, which administers an interstate commerce prison work program. Because the items manufactured by MINNCOR are sold in interstate commerce, certain terms of employment are set pursuant to the Ashurst–Sumners Act, 18 U.S.C. §§ 1761–62 (1994). Prisoners employed in this program must be paid at prevailing wage and agree to voluntarily participate in the program and to have certain deductions made from their wages. Murray signed the required Voluntary Agreement of Participation.

Under the agreement, Murray acknowledged that certain deductions would be taken from his pay, including taxes, reasonable charges for the cost of confinement, family support obligations, contributions to a crime victims' fund, restitution, and other deductions as set forth in Minn. Stat. § 243.23, subd. 3 (1998). Minn.Stat. § 243.23, subd. 3, permits the commissioner of corrections to make these types of deductions from earnings or funds in an inmate account.

In the specific program that employs Murray, DOC may deduct up to 64% of gross wages. DOC deducts taxes, cost of confinement, a crime victim fund contribution, and court-ordered restitution from Murray's wages. As a practical matter, the cost of confinement figure is set at a rate such that the total deductions add up to 64% of gross compensation. The sum deducted for cost of confinement, for ex-

ample, $153.57 in June 1998, does not cover the actual cost of confinement.

Murray is a party in a matter before the Eighth Circuit Court of Appeals. Over Murray's objection, the cost of the court filing fee, $105, was deducted from his inmate account on two dates, July 17 and August 17, 1998. Murray argues that the deduction should be taken from his gross compensation, reducing the amount available for the cost of confinement, but leaving his inmate account intact. He also challenges a $3 deduction for a medical co-payment, which he anticipates will be deducted from his inmate account.

DOC moved to dismiss Murray's complaint for failure to state a claim on which relief could be granted under Minn. R. Civ. P. 12.02. The district court treated this as a summary judgment motion and granted summary judgment to DOC. Murray appeals.

## ISSUE

Did the district court err in granting summary judgment?

## ANALYSIS

When a motion for judgment on the pleadings is made and matters outside the pleadings are considered, the appellate court reviews the matter under the standard of a summary judgment. Minn. R. Civ. P. 12.03; *Carlson v. Lilyerd*, 449 N.W.2d 185, 187 (Minn.App.1989), *review denied* (Minn. Mar. 8, 1990). Summary judgment is appropriate where there are no genuine issues of material fact and the lower court has not erred in applying the law. *Cummings v. Koehnen*, 568 N.W.2d 418, 420 (Minn.1997). If the facts are not in dispute, the appellate court reviews the application of law de novo. *Medica, Inc. v. Atlantic Mut. Ins. Co.*, 566 N.W.2d 74, 76 (Minn.1997).

Neither party disputes the factual basis for this matter. Murray argues that the question of whether the Voluntary Agreement is an enforceable contract that

was breached by the DOC is a question of fact rather than law. "Where there is no dispute over the relevant facts, the question of the existence of a contract is solely a matter of law for determination by the court." *Triple B & G, Inc. v. City of Fairmont*, 494 N.W.2d 49, 53 (Minn.App. 1992).

■ "[A] contract is a promise or set of promises for the breach of which the law gives a remedy or the performance of which the law recognizes as a duty." *Cederstrand v. Lutheran Brotherhood*, 263 Minn. 520, 529, 117 N.W.2d 213, 219 (1962) (citations omitted). The factor that distinguishes an unenforceable promise from an enforceable contract is consideration, or the "voluntary assumption of an obligation by one party upon condition of an act or forbearance by the other." *Id.* at 530, 117 N.W.2d at 220 (citations omitted). Implicit in this idea is the existence of an offer, acceptance and mutual assent to the formation of a contract. *Id.* at 531–32, 117 N.W.2d at 220–21.

■ The Voluntary Agreement signed by Murray does not obligate DOC in any way. While Murray agrees to voluntarily participate in the employment program and acknowledges certain deductions from wages will be made, DOC makes no corresponding promise to continue his employment or to limit its authority to make deductions from his account. The Voluntary Agreement is nothing more than a requirement of the Ashurst–Sumners Act, which was intended to insure that prison industries are not given an unfair competitive advantage in interstate commerce by the use of involuntary labor compensated at less than the prevailing wage. *McMas-*

*ter v. State of Minn.*, 30 F.3d 976, 981 (8th Cir.1994) (purpose of Ashurst–Sumners Act is to protect private business, not inmate worker). Because the Voluntary Agreement does not bind DOC in any way, it is not an enforceable contract.

■ The law is clear that prisoners are obligated to work as part of their sentences and that compensation exists by the "grace of the state." *McMaster v. State of Minn.*, 819 F.Supp. 1429, 1438 (D.Minn.1993); *see also* Minn.Stat. § 243.18, subd. 2 (1998) ("All inmates are required to work."). Murray has been given the opportunity to work at prevailing wage; this does not change the authority that DOC has over him. The commissioner is permitted to deduct court filing fees and medical payments from either wages or inmate accounts. Minn.Stat. § 243.23, subd. 3. Nothing in the agreement signed by Murray negates this statutory authority.

### DECISION

The district court did not err in granting summary judgment and correctly ruled that the Voluntary Agreement of Participation signed by Murray is not a contract. DOC has the authority to deduct the items enumerated in Minn.Stat. § 243.23, subd. 3, from either compensation or inmate accounts.

**Affirmed.**