*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1509**

Nationstar Mortgage, LLC,
Respondent,

vs.

Shawn R. Dooling, et al.,
Defendants,

Bruce Polikowsky,
Appellant,

vs.

Caeasar Investment, LLC,
Defendant (Intervenor).

**Filed May 16, 2016
Affirmed
Halbrooks, Judge**

Hennepin County District Court
File No. 27-CV-HC-15-2729

Greta L. Bjerkness, Wilford, Geske & Cook, P.A., Woodbury, Minnesota (for respondent Nationstar Mortgage, LLC)

Bruce Polikowsky, Edina, Minnesota (pro se appellant)

Considered and decided by Halbrooks, Presiding Judge; Worke, Judge; and Bjorkman, Judge.

**UNPUBLISHED OPINION**

**HALBROOKS**, Judge

Appellant Bruce Polikowsky challenges the district court's grant of summary judgment in favor of respondent Nationstar Mortgage, LLC on the grounds that (1) Nationstar lacked standing to proceed in an eviction against him and (2) the district court improperly concluded that he is not a tenant with a bona fide lease.  We affirm.

## FACTS

On or about December 31, 2004, Shawn R. Dooling and Tina Bahn-Dooling entered into a mortgage with Bell America Mortgage, LLC.  This mortgage was subsequently assigned to Aurora Bank, FSB in 2012 and to Nationstar in 2013.  The Doolings defaulted under the terms of the mortgage by failing to make timely payments on the note, after which the property was foreclosed upon and sold to Nationstar by the sheriff at a public sale on June 10, 2014.  The sheriff's certificate was recorded in Hennepin County on June 13, 2014.  The Doolings filed for bankruptcy on June 30, 2014.  The property was subject to a six-month statutory redemption period.  On February 2, 2015, the Dooling's bankruptcy trustee executed a quitclaim deed to Caeasar Investment, LLC.[1]  On the same day, Caeasar Investment entered into a lease agreement with Polikowsky.

On June 9, 2015, Nationstar commenced an eviction action against the Doolings and Polikowsky, alleging that any holdover tenants still in possession of the property were in violation of the redemption period following the foreclosure sale.  Polikowsky

---

[1] This trustee deed was filed in Hennepin County on March 9, 2015.

2

filed an answer, asserting that he is a tenant with a bona fide lease. Caeasar Investment moved to intervene as an indispensable party.[2] During the hearing, Nationstar moved for summary judgment and argued to limit the scope of the eviction hearing to the issue of present possession and exclude any other claims of ownership interest in legal title.

On August 5, 2015, the district court granted Caeasar Investment's motion to intervene but granted Nationstar's motion for summary judgment against Caeasar Investment. The district court denied Nationstar's motion for summary judgment against Polikowsky pending a hearing to determine whether Polikowsky is a tenant with a bona fide lease. After a hearing, the district court granted summary judgment to Nationstar, concluding that Polikowsky is not a tenant with a bona fide lease because he pays substantially less than fair-market rent for the property. This appeal follows.

### DECISION

Polikowsky argues that (1) Nationstar lacked legal standing because it had assigned its interest before commencing the eviction action and (2) he is a tenant with a bona fide lease to the property. Generally, we adhere to the principle that "[a] party who inadequately briefs an argument waives an argument." *Brodsky v. Brodsky*, 733 N.W.2d 471, 479 (Minn. App. 2007). "An assignment of error based on mere assertion and not supported by any argument or authorities in appellant's brief is waived and will not be considered on appeal unless prejudicial error is obvious on mere inspection." *Balder v.*

---

[2] Caeasar Investment also moved to dismiss the eviction proceeding on the grounds that Nationstar lacked standing because Caeasar Investment is the "registered titleholder," to consolidate the eviction proceeding with what Caeasar referred to as a quiet-title action and Nationstar clarified was a proceeding subsequent, or to stay the eviction proceeding.

3

*Haley*, 399 N.W.2d 77, 80 (Minn. 1987) (quotation omitted). "When an appellant acts as attorney pro se, appellate courts are disposed to disregard defects in the brief, but that does not relieve appellants of the necessity of providing an adequate record and preserving it in a way that will permit review." *Thorp Loan & Thrift Co. v. Morse*, 451 N.W.2d 361, 363 (Minn. App. 1990), *review denied* (Minn. Apr. 13, 1990). Polikowsky's arguments are based on mere assertion without legal support; therefore, we conclude that he has waived his claims. But because his briefs generally describe his arguments and Nationstar cites the governing law, we will review the issues in the interest of justice. *See* Minn. R. Civ. App. P. 103.04 (noting that this court may "review any other matter as the interest of justice may require").

## I.

Polikowsky argues that Nationstar lacked standing to proceed in the eviction action because Nationstar assigned its interests to Bank of New York Mellon before commencing the action. "Standing is a legal requirement that a party have a sufficient stake in a justiciable controversy to seek relief from a court." *Enright v. Lehmann*, 735 N.W.2d 326, 329 (Minn. 2007). "A party may gain standing either by suffering an injury-in-fact or by virtue of a legislative enactment granting standing." *Fed. Home Loan Mort. Corp. v. Mitchell*, 862 N.W.2d 67, 70 (Minn. App. 2015), *review denied* (Minn. June 30, 2015). Whether a party has standing is reviewed de novo. *Id.*

In an eviction action, a

> person entitled to the premises may recover possession by eviction when:
>> (1) any person holds over real property:

4

> (i) after a sale of the property on an execution or judgment; or
>
> (ii) after the expiration of the time for redemption on foreclosure of a mortgage, or after termination of contract to convey the property[.]

Minn. Stat. § 504B.285, subd. 1(a)(1) (2014). Under the circumstances presented here, a property sold at a sheriff's sale is subject to a statutorily mandated redemption period of six months. *See* Minn. Stat. § 580.23, subd. 1(a) (2014) ("When lands have been sold in conformity with the preceding sections of this chapter, the mortgagor, the mortgagor's personal representatives or assigns, within six months after such sale, . . . may redeem such lands . . . .").

Here, Nationstar received a sheriff's certificate of sale for its purchase of the Doolings' property on June 10, 2014, which it then properly recorded in Hennepin County. Pursuant to Minnesota law:

> When so recorded, upon expiration of the time for redemption, *the certificate shall operate as a conveyance to the purchaser* or the purchaser's assignee of all the right, title, and interest of the mortgagor in and to the premises named therein *at the date of such mortgage*, without any other conveyance.

Minn. Stat. § 580.12 (2014) (emphasis added). Additionally,

> Every sheriff's certificate of sale made under a power to sell contained in a mortgage shall be prima facie evidence that all the requirements of law in that behalf have been complied with, and prima facie evidence of title in fee thereunder in the purchaser at such sale, the purchaser's heirs or assigns, after the time for redemption therefrom has expired.

Minn. Stat. § 580.19 (2014). Polikowsky's bare assertion that Nationstar assigned its interest before commencing the eviction action is insufficient to rebut Nationstar's prima facie evidence of title. As such, Nationstar has standing to proceed with an eviction action.

## II.

Polikowsky argues that the district court erred by finding that he is not a tenant with a bona fide lease. "[W]e review the district court's factual findings for clear error. That is, we examine the record to see if there is reasonable evidence in the record to support the court's findings. . . . To conclude that findings of fact are clearly erroneous we must be left with the definite and firm conviction that a mistake has been made." *Rasmussen v. Two Harbors Fish Co.*, 832 N.W.2d 790, 797 (Minn. 2013) (quotations and citations omitted).

Polikowsky would be eligible for protection as a tenant with a bona fide lease if he meets the statutory requirements. Under Minnesota law, the term "bona fide lease" means:

> (1) the mortgagor or the child, spouse, or parent of the mortgagor is not the tenant;
> (2) the lease or tenancy was the result of an arm's-length transaction; and
> (3) the lease or tenancy requires the receipt of rent that is not substantially less than fair market rent for the property or the unit's rent is reduced or subsidized by a federal, state, or local subsidy.

Minn. Stat. § 504B.285, subd. 1a(b) (2014).

Relying on Polikowsky's own testimony and evidence, the district court found that he does not meet the third requirement because his rent is substantially less than fair-market rent. Polikowsky asserts on appeal that he "has a history of paying above market rent of $3,250 during the first 5 months of his residency." But he testified at trial that he pays $1,250 in rent and contributes an additional $2,000 as an "option to buy." Although Polikowsky testified that the $1,250 figure "doesn't mean anything," he conceded that he could live in the house for $1,250 a month if he did not choose to exercise the option to purchase the home. The lease agreement states "Tenant shall pay to Landlord lease payments of $1,250, payable . . . on the 1st day of each month . . . ." The lease also provides that the tenant has an option to buy the property but notes that while additional payments preserve that right, they are not required as monthly rental.

Polikowsky provided the district court with comparable rental properties with an average rent of $2,325. Based on Polikowsky's own testimony and evidence, the district court found that he pays almost $1,100 less than fair-market rent. The district court concluded, "As Mr. Polikowsky is paying an amount that is substantially less than fair market rent for the property the lease is not a bona fide lease, and he is not entitled to the protections of Minnesota Statute 504B.285 subdivision 1a (b)." We conclude that there is ample evidence in the record to support the district court's finding that Polikowsky is not a tenant with a bona fide lease.

**III.**

We next consider whether the district court appropriately granted summary judgment to Nationstar. "We review a district court's summary judgment decision

de novo." *Riverview Muir Doran, LLC v. JADT Dev. Grp., LLC*, 790 N.W.2d 167, 170 (Minn. 2010). The key questions are "whether there are any genuine issues of material fact and whether the [district court] erred in [its] application of the law." *Cummings v. Koehnen*, 568 N.W.2d 418, 420 (Minn. 1997). We view the evidence "in the light most favorable to the party against whom judgment was granted." *Id.*

The scope of an eviction proceeding is narrow. *AMRESCO Residential Mortg. Corp. v. Stange*, 631 N.W.2d 444, 445 (Minn. App. 2001). An eviction proceeding is a "summary court proceeding to remove a tenant or occupant from or otherwise recover possession of real property by the process of law." Minn. Stat. § 504B.001, subd. 4 (2014). To prevail in an eviction claim involving a mortgage foreclosure, a plaintiff must prove that (1) a foreclosure of the mortgage on the property occurred, (2) the time for redemption expired, (3) the defendant is holding over the property, and (4) the plaintiff is entitled to possession of the property. *See* Minn. Stat. § 504B.285, subd. 1a(a) (2014). An eviction proceeding "merely determines the right to present possession and does not adjudicate the ultimate legal or equitable rights of ownership possessed by the parties." *Mitchell*, 862 N.W.2d at 71 (quotation omitted). An eviction action is not a bar to a separate action involving the title. *Dahlberg v. Young*, 231 Minn. 60, 68, 42 N.W.2d 570, 576 (1950). "[G]enerally the only issue for determination [in an eviction proceeding] is whether the facts alleged in the complaint are true." *Cimarron Vill. v. Washington*, 659 N.W.2d 811, 817 (Minn. App. 2003).

Polikowsky concedes that "the bankruptcy-related aspects in this scenario may at first glance be considered beyond the scope of this case" but urges this court to consider

them because "they are nonetheless contextually relevant." The record establishes that the Doolings defaulted on their mortgage and that their property was properly foreclosed upon by advertisement followed by a sheriff's sale. It is undisputed that Nationstar purchased the property at the June 10, 2014 sale and obtained an executed sheriff's certificate that it recorded. Upon expiration of the statutory redemption period, the registered sheriff's certificate operates as a lawful conveyance of title. *See* Minn. Stat. § 580.12.

Although Nationstar contests the district court's calculation of the expiration date of the redemption period, the issue is of no consequence because Caeasar Investment did not redeem the property. It is undisputed that the Doolings delivered a quitclaim deed for the property to Caeasar Investment on February 2, 2015, and on the same day, Caeasar Investment entered into a lease agreement with Polikowsky. But Polikowsky cannot claim a right to possess the property that is not owned by his landlord. As the district court noted:

> Caeasar Investments is the recipient of a Trustee's Deed dated February 2, 2015 from the Trustee of the bankruptcy estate of Shawn Dooling and Tina Dooling to Caeasar Investments, LLC. That Trustee Deed quitclaims interest in the property to Caeasar Investment. What this means is that the bankruptcy trustee merely transferred the property, in its current state, to Caeasar Investment, which means it transferred a property that was foreclosed and subject to redemption. By quitclaiming the property to Caeasar Investment the bankruptcy trustee conveyed the right to property that Caeasar Investment could redeem from foreclosure. Caeasar Investment has not redeemed.

9

Based on these facts, the district court concluded that "no genuine issues of material fact exist as it relates to Caeasar Investment['s] right to [the] present right of possession."

To the extent that Polikowsky attempts to expand the scope of an eviction proceeding beyond claims of a possessory interest, his arguments are misplaced. His assertion that Nationstar's transfer to Bank of New York Mellon voided its interest in an eviction action is misplaced because what he seeks to resolve is a question of title. When "[a]ppellants can raise their counterclaims and equitable defenses directly in [a] separate, district court proceeding, . . . there is no evident reason to interfere with the summary nature of eviction proceedings." *AMRESCO*, 631 N.W.2d at 445-46. The effect of Caeasar Investment's failure to redeem the property means that Polikowsky, as Caeasar Investment's tenant, can have no possessory interest in the property. Any other claims should have been brought in a separate action. The district court properly granted summary judgment to Nationstar.

**Affirmed.**