■ In the Matter of GRAIG P. ARCURI, Petitioner, v GALEN D. KIRKLAND, as Commissioner of Human Rights, Respondent. (And Another Related Proceeding.) [978 NYS2d 439]—

Lahtinen, J.

respondent's order awarding damages to Adam W. Bargy and Orlando Colon.

Adam W. Bargy and Orlando Colon filed complaints in December 2007 with the State Division of Human Rights (hereinafter SDHR) alleging that GPA Development Corporation engaged in unlawful discriminatory practices related to their employment. Following a hearing, an Administrative Law Judge (hereinafter ALJ) determined that GPA Development had subjected Bargy and Colon (hereinafter collectively referred to as complainants) to a hostile work environment as a result of sexual harassment and retaliated against them because of their complaints. The ALJ awarded damages for back pay in the amount of $7,160 to Colon and $14,568 to Bargy, as well as a $4,000 mental anguish award for each. The determination was based on findings that, during an out-of-town construction project, complainants were assigned to a motel room with their immediate supervisor, Doug Andross. Andross repeatedly brought a woman he had met locally into the motel room, engaging in sex while complainants were in the room. The woman also occasionally invited some of her female friends to the motel room, causing complainants concern about their privacy as well as the security of their personal belongings. They complained several times to various superiors, including petitioner (the president and owner of GPA Development), but to no avail. After complainants had a disagreement with Andross' woman friend, he fired them.

Respondent adopted the ALJ's findings, but in the ensuing compliance proceeding it was revealed that GPA Development had become defunct in October 2009 and had no assets. Respondent thus reopened the cases and amended the complaints to name petitioner and GPA Investment Corporation[1] as additional parties (see 9 NYCRR 465.4, 465.20 [a]). After a further hearing in which petitioner was afforded the opportunity to examine witnesses and present evidence in defense of the complaints, respondent sustained the amendment to name petitioner individually and held him personally liable. Petitioner commenced the first of these proceedings to annul the determination that he was personally responsible and respondent cross-petitioned for enforcement. The proceedings were transferred to this Court by Supreme Court.

Initially, we consider whether substantial evidence supports respondent's finding of discrimination based on a hostile work

---

1. The amended complaint was eventually dismissed as to GPA Investment Corporation since it was determined not to be a successor corporation of GPA Development.

environment and retaliation which, even though not directly challenged by petitioner, must be addressed in light of the cross petition for enforcement (*see Matter of State Div. of Human Rights v Bystricky*, 30 NY2d 322, 326 [1972]; *Matter of West Taghkanic Diner II, Inc. v New York State Div. of Human Rights*, 105 AD3d 1106, 1106-1107 [2013]). "SDHR's determinations are 'entitled to considerable deference due to its expertise in evaluating discrimination claims' " (*Matter of Harrison v Chestnut Donuts, Inc.*, 60 AD3d 1130, 1131 [2009], quoting *Matter of Matteo v New York State Div. of Human Rights*, 306 AD2d 484, 485 [2003]). Our review is "extremely narrow" as it is limited to considering whether the determination is supported by substantial evidence, and in such analysis we "may not weigh the evidence or reject [SDHR's] determination where the evidence is conflicting and room for choice exists" (*Matter of State Div. of Human Rights [Granelle]*, 70 NY2d 100, 106 [1987]).

Where, as here, there is a finding of a hostile work environment as a result of sexual harassment, the evidence in the record must establish the pertinent elements, including proof that the discriminatory conduct occurred due to the complainant's gender (*see Suriel v Dominican Republic Educ. & Mentoring Project, Inc.*, 85 AD3d 1464, 1466 [2011]; *Yukoweic v International Bus. Machs.*, 228 AD2d 775, 776-777 [1996], *lv denied* 88 NY2d 816 [1996]; *see also Oncale v Sundowner Offshore Services, Inc.*, 523 US 75, 80-81 [1998]; *Harris v Forklift Systems, Inc.*, 510 US 17, 25 [1993] [Ginsburg, J., concurring]).[2] Although petitioner and all employees on this job were male, the Human Rights Law protects males from gender discrimination (*see Yukoweic v International Bus. Machs.*, 228 AD2d at 776; *see also Oncale v Sundowner Offshore Services, Inc.*, 523 US at 79). Establishing same-sex harassment has, at times, proved problematic (*see generally Equal Empl. Opportunity Commn. v Boh Bros. Constr. Co., LLC*, 731 F3d 444 [5th Cir 2013] [extensive discussion by en banc Court of same-sex discrimination]). The typical, but non-exhaustive (*see id.* at 455-456), paths include showing that: (1) "the harasser was homosexual and motivated by sexual desire"; (2) "the harassment was framed 'in such sex-specific and derogatory terms . . . as to make it clear that the harasser [was] motivated by general hostility to the presence' of a particular gender in the workplace"; or (3) " 'direct comparative evidence about how the alleged harasser

---

**2.** Discrimination under state law (*see* Executive Law art 15) and federal law (*see* Civil Rights Act of 1964, title VII [42 USC § 2000e *et seq.*]) are subject to the same analysis (*see e.g. Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights*, 100 NY2d 326, 330 [2003]).

treated members of both sexes in a mixed-sex workplace' " (*id.* at 455, quoting *Oncale v Sundowner Offshore Services, Inc.*, 523 US at 80-81). Evidence premised upon gender-stereotyping may also support a sexual harassment claim (*see Price Waterhouse v Hopkins,* 490 US 228, 251 [1989]; *Equal Empl. Opportunity Commn. v Boh Bros. Constr. Co., LLC,* 731 F3d at 456).

Here, neither the written complaints nor testimony of Bargy or Colon set forth any allegations or indication of how Andross' conduct was motivated by their gender or that their grievances to petitioner were ignored because of their gender. The ALJ's decision does not refer to any proof supporting a finding that complainants' gender was relevant to, or a reason for, the conduct. Of the recognized paths for showing same-sex discrimination, the only one even arguably applicable is harassment based on gender-stereotyping. However, the ALJ made no such finding. The only apparent evidence in the record reflective of possible gender-stereotyping is Andross' stray remark to one complainant to "stop being a wuss and . . . put up with it, you a man." We need not decide whether this single comment could be sufficient since respondent did not ascribe such an interpretation to the comment and the adopted findings of the ALJ contain only a reference to Andross telling one complainant to "put up with" the situation. We fully agree that Andross' conduct was crude, coarse and grossly unprofessional; nevertheless, in the absence of proof of gender-based discrimination, such conduct does not establish a claim. We are constrained by the record to conclude that there is not substantial evidence that the conduct was caused by or related in any relevant fashion to complainants' gender (*see Yukoweic v International Bus. Machs.,* 228 AD2d at 777).

Since there is not substantial evidence of gender-based discrimination, the finding of retaliation based upon complaints of such discrimination as against the original respondent, GPA Development, necessarily fails (*see Forrest v Jewish Guild for the Blind,* 3 NY3d 295, 312-313 [2004]; *Singh v State of N.Y. Off. of Real Prop. Servs.,* 40 AD3d 1354, 1357 [2007]; *see also Galdieri-Ambrosini v National Realty & Dev. Corp.,* 136 F3d 276, 292 [2d Cir 1998]). Accordingly, the cross petition must be dismissed and respondent's order annulled (*see Matter of State Div. of Human Rights v Fairway Apts. Corp.,* 39 AD2d 761, 761 [1972], *affd* 33 NY2d 754 [1973]).

Deciding petitioner's separate argument, that respondent improperly applied the relation back doctrine in amending the complaints to include him, is unnecessary in light of our determination that the allegations of discriminatory conduct that

were the subject of the original complaints are not supported by substantial evidence. His petition is thus dismissed as academic (*cf. Matter of Heyn v Burr*, 19 AD3d 896, 899 [2005]; *Guglielmo v Unanue*, 244 AD2d 718, 723 [1997]).

Rose, J.P., McCarthy and Garry, JJ., concur. Adjudged that the petition and cross petition are dismissed, without costs, and respondent's order annulled.