Sanderson-Burgess v City of New York (2019 NY Slip Op 05173)





Sanderson-Burgess v City of New York


2019 NY Slip Op 05173


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2016-11041
 (Index No. 700149/11)

[*1]Lynne Sanderson-Burgess, appellant, 
v
City of New York, et al., respondents.


Stewart Lee Karlin Law Group, P.C., New York, NY (Daniel E. Dugan of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Aaron Bloom, Eric Lee, and Susan Paulson of counsel), for respondents City of New York, New York City Police Department, John Mahland, Jamie Donnelly, Michael Dorn, and Doris Despaigne, sued herein as "Jane" Despaign.
The Law Office of Maury B. Josephson, P.C., Melville, NY, for respondent Francis Brown.
The Quinn Law Firm, PLLC, White Plains, NY (Andrew C. Quinn and Lisa M. Fantino of counsel), for respondent Sharon Soler.



DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination on the basis of sex and unlawful retaliation in violation of Administrative Code of the City of New York § 8-107, the plaintiff appeals from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered September 21, 2016. The order, insofar as appealed from, granted those branches of the separate motions of the defendant Sharon Soler, the defendant Francis Brown, and the defendants City of New York, New York City Police Department, John Mahland, Jamie Donnelly, Michael Dorn, and Doris Despaigne, sued herein as "Jane" Despaign, which were for summary judgment dismissing the sixth, seventh, and eighth causes of action insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiff was a civilian employee of the defendant New York City Police Department (hereinafter the NYPD). In March 2011, the plaintiff commenced this action, inter alia, to recover damages for employment discrimination on the basis of sex and unlawful retaliation in violation of Administrative Code of the City of New York § 8-107. The plaintiff alleged that the defendant Francis Brown, a fellow civilian employee of the NYPD, sexually harassed the plaintiff by making comments about her appearance and by touching her inappropriately. The plaintiff further alleged, among other things, that her supervisors aided and abetted the harassment and/or retaliated against her for her complaints regarding Brown's conduct.
The defendant Sharon Soler moved, among other things, for summary judgment [*2]dismissing the complaint insofar as asserted against her, and Brown separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against her. The NYPD and the defendants City of New York, John Mahland, Jamie Donnelly, Michael Dorn, and Doris Despaigne, sued herein as "Jane" Despaign (hereinafter collectively the City defendants), together moved for summary judgment dismissing the complaint insofar as asserted against them. In an order entered September 21, 2016, the Supreme Court, among other things, granted those branches of the separate motions of Soler, Brown, and the City defendants which were for summary judgment dismissing the sixth, seventh, and eighth causes of action, alleging, respectively, discrimination on the basis of sex, retaliation, and aiding and abetting discriminatory conduct in violation of the New York City Human Rights Law (Administrative Code of City of NY § 8-101 et seq.; hereinafter NYCHRL), insofar as asserted against each of them. The plaintiff appeals from those portions of the order.
The NYCHRL prohibits discrimination in employment based upon, inter alia, gender, and prohibits aiding and abetting discrimination or retaliation for an employee's protected activity in response to discrimination (see Administrative Code of City of NY §§ 8-101, 8-107; Macchio v Michaels Elec. Supply Corp., 149 AD3d 716, 719). These protections include prohibitions on harassment between members of the same sex, as alleged here (see Oncale v Sundowner Offshore Servs., Inc., 523 US 75, 78-80; Matter of Arcuri v Kirkland, 113 AD3d 912, 914-915; Matter of Eastport Assoc., Inc. v New York State Div. of Human Rights, 71 AD3d 890, 891; Santiago v Bernard F. Dowd, Inc., 2017 NY Slip Op 30791[U] [Sup Ct, NY County]). Methods of demonstrating same-sex harassment "include showing that: (1) the harasser was homosexual and motivated by sexual desire; (2) the harassment was framed in such sex-specific and derogatory terms . . . as to make it clear that the harasser [was] motivated by general hostility to the presence of a particular gender in the workplace; or (3) direct comparative evidence about how the alleged harasser treated members of both sexes in a mixed-sex workplace" (Matter of Arcuri v Kirkland, 113 AD3d at 914-915 [internal quotation marks omitted]; see Oncale v Sundowner Offshore Servs., Inc., 523 US at 80-81). "[A] defense motion for summary judgment in an action brought under the NYCHRL must be analyzed under both the familiar framework of McDonnell Douglas Corp. v Green (411 US 792) and under the newer mixed motive framework, which imposes a lesser burden on a plaintiff opposing such a motion" (Persaud v Walgreens Co., 161 AD3d 1019, 1020 [internal quotation marks omitted]; see Hamburg v New York Univ. Sch. of Medicine, 155 AD3d 66, 72-73). "Summary judgment dismissing a claim under the NYCHRL should be granted only if no jury could find [the] defendant liable under any of the evidentiary routes—McDonnell Douglas, mixed motive, direct evidence, or some combination thereof" (Persaud v Walgreens Co., 161 AD3d at 1020 [internal quotation marks omitted]; see Hamburg v New York Univ. Sch. of Medicine, 155 AD3d at 73). 
Here, in support of their respective motions, the defendants demonstrated, prima facie, that there was no evidentiary route that could allow a jury to find that Brown was motivated by sexual desire or by general hostility to the presence of women in the workplace, or that she treated male and female coworkers differently (see Matter of Arcuri v Kirkland, 113 AD3d at 915; see also Persaud v Walgreens Co., 161 AD3d at 1020; Bull v Metropolitan Jewish Health Sys., Inc., 152 AD3d 639, 641). Furthermore, the evidence established that, in response to the plaintiff's complaint, the NYPD took prompt remedial action (see Administrative Code of City of NY § 8-107[13][b]; O'Neil v Roman Catholic Diocese of Brooklyn, 98 AD3d 485, 487). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, we agree with the Supreme Court's determination to grant those branches of the defendants' separate motions which were for summary judgment dismissing the sixth cause of action, alleging harassment, and the eighth cause of action, alleging aiding and abetting harassment in violation of the NYCHRL, insofar as asserted against each of them.
We also agree with the Supreme Court's determination to grant those branches of the defendants' separate motions which were for summary judgment dismissing the seventh cause of action, alleging retaliation under the NYCHRL. "[T]o make out an unlawful retaliation claim under the NYCHRL, a plaintiff must show that (1) he or she engaged in a protected activity as that term is defined under the NYCHRL, (2) his or her employer was aware that he or she participated [*3]in such activity, (3) his or her employer engaged in conduct which was reasonably likely to deter a person from engaging in that protected activity, and (4) there is a causal connection between the protected activity and the alleged retaliatory conduct" (Brightman v Prison Health Serv., Inc., 108 AD3d 739, 740; see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 298). Here, even assuming that the plaintiff had engaged in a protected activity under the NYCHRL, the defendants demonstrated, prima facie, inter alia, that the plaintiff could not establish that her employer was aware of such activity, or that there was a causal connection between that activity and the alleged acts of retaliation. In opposition, the plaintiff failed to raise a triable issue of fact (see Brightman v Prison Health Serv., Inc., 108 AD3d at 741-742).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
AUSTIN, J.P., ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court